UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

---

| | |
|---|---|
| JOHNNY HA, JENNY PHAM a/k/a JENNY HA, and HELEN LE, )<br><br>*Plaintiffs*, )<br><br>v. )<br><br>TINA CONN, )<br><br>*Defendant*. ) | Civil Action No.: 2:20-cv-155-wks |
| TINA CONN, )<br><br>*Counterclaim Plaintiff*, )<br><br>v. )<br><br>JENNY PHAM (aka JENNY HA), )<br><br>*Counterclaim Defendant*. ) | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT JENNY PHAM'S RULE 41(b) MOTION TO DISMISS DEFENDANT/COUNTERCLAIM PLAINTIFF TINA CONN'S COUNTERCLAIMS FOR FAILURE TO COMPLY WITH THIS COURT'S NOVEMBER 5, 2021 ORDER**

Plaintiff/Counterclaim Defendant Jenny Pham (also known as Jenny Ha) ("Ms. Pham"), by and through her undersigned counsel, hereby moves pursuant to Rule 41(b) of the Federal Rules of Civil Procedure to dismiss Defendant/Counterclaim Plaintiff Tina Conn's ("Ms. Conn") January 25, 2021 Counterclaims (Doc. 14, at pp. 16-20) for failure to comply with this Court's November 5, 2021 Order (Doc. 28) granting Ms. Conn thirty days to retain new counsel or assert her right to self-representation. This Motion is based on the following Memorandum of Law, Exhibit A hereto, and the September 28, 2021 Affirmation of Plaintiffs' undersigned counsel (Doc. 24-1). Ms. Pham states respectfully as follows:

## MEMORANDUM OF LAW

### INTRODUCTION AND FACTUAL BACKGROUND

Many of the facts relevant to this Motion are set out in the September 28, 2021 Affirmation of Plaintiffs' undersigned counsel (Doc. 24-1) (hereafter cited as "Seff Aff."). Attorney Robert Kaplan ("Mr. Kaplan"), who was counsel for Ms. Conn at the time, and Plaintiffs' undersigned attorney agreed in early September 2021 to set up a series of party depositions in Burlington, Vermont on October 4, 5 and 6, 2021 (Seff Aff. ¶ 3). Counsel agreed on the phone and in follow-up email correspondence that Mr. Kaplan would take the in-person depositions of Plaintiffs Johnny Ha and Jenny Pham in Burlington on October 4 and 5, 2021 (with Mr. Kaplan having the option to take a video deposition of the elderly Plaintiff Helen Le if time permitted on October 5th), and that Plaintiffs' undersigned counsel would take the in-person deposition of Ms. Conn on October 6, 2021 (Seff Aff. ¶ 4).

In addition, the parties' counsel agreed to exchange written discovery responses and documents on October 1, 2021 so that such discovery could be used in the depositions scheduled for October 4, 5 and 6th (Seff Aff. ¶ 5).

The above-described agreement between counsel as to the October 4-6th depositions and the October 1st exchange of written discovery is referred to herein as the Depositions/Discovery Agreement.

On September 20, 2021, Plaintiffs' undersigned counsel served a Notice of Deposition for the October 6, 2021 deposition of Ms. Conn (*see* ECF No. 22; and Seff Aff. ¶ 7).

Consistent with and in reliance on the Depositions/Discovery Agreement, Plaintiffs Johnny Ha and Jenny Pham and their undersigned counsel took a number of actions. Mr. Ha and Ms. Pham made arrangements to travel from their Virginia home to Burlington, Vermont so

that Mr. Kaplan could take their depositions on October 4 and 5th.  They booked airplane flights, a hotel and a rental car (Seff Aff. ¶¶ 8-9).

In addition, with Mr. Kaplan's knowledge and permission, Plaintiffs' undersigned counsel located a court-experienced Vietnamese language interpreter based in Massachusetts, Ms. Kim-Lan Bloom ("Ms. Bloom").  The parties' counsel agreed to hire Ms. Bloom to attend the party depositions scheduled for October 4, 5 and 6th.  The two sides agreed to split Ms. Bloom's travel expenses equally, and agreed that each side would pay Ms. Bloom's daily interpreting rate ($650 per day) for the days that a particular witness was being deposed (*e.g.*, Mr. Kaplan agreed to pay Ms. Bloom's daily rate for October 4 and 5th, and Plaintiffs' undersigned counsel agreed to pay her for October 6th).  *See* Seff Aff. ¶¶ 10-12.

In addition, Plaintiffs' counsel reserved a hotel in South Burlington for Ms. Bloom for the nights of October 3, 4, 5 and 6, 2021 (as Ms. Bloom did not wish to travel on the days when she was working in the depositions).  *See* Seff Aff. ¶ 13.

Counsel also reserved a court reporter for his planned October 6th deposition of Ms. Conn.  Mr. Kaplan was responsible for hiring a court reporter for his planned October 4-5th depositions of Plaintiffs.  *See* Seff Aff. ¶¶ 14-15.

Mr. Kaplan filed a Motion to Withdraw as Ms. Conn's counsel on the afternoon of September 24, 2021 (ECF No. 23).  Within minutes of filing his withdrawal Motion, Plaintiffs' undersigned counsel and Mr. Kaplan spoke by phone.  Mr. Kaplan informed Plaintiffs' counsel that he did not intend to proceed with depositions of Plaintiffs on October 4 and 5th, and that he was not in a position to serve full and complete discovery responses and documents by October 1st.  Mr. Kaplan also said certain things that caused Plaintiffs' counsel to fear that Ms. Conn was unlikely to show up for her noticed deposition on October 6th.  *See* Seff Aff. ¶¶ 16-18.

On the evening, of September 24th, Plaintiffs' counsel emailed Mr. Kaplan and proposed the conditions under which counsel was prepared to: (A) postpone his October 6th deposition of Ms. Conn and reschedule it for a later date to be determined; (B) extend the October 1st discovery response deadline, and (C) not oppose Mr. Kaplan's Motion to Withdraw (*see* Seff Aff. ¶ 19). Mr. Kaplan responded via e-mail shortly thereafter (Seff Aff. ¶ 19).

On September 27th, Plaintiffs' undersigned counsel e-mailed Ms. Bloom (copying Mr. Kaplan) to let her know that the depositions scheduled for October 4-6th were postponed due to Mr. Kaplan's pending Motion to Withdraw. *See* Seff Aff. ¶ 20.

Also on September 27th, Plaintiffs' undersigned counsel e-mailed court reporter Darlene Falls (copying Mr. Kaplan) to let her know that the deposition of Ms. Conn scheduled for October 6th was postponed due to Mr. Kaplan's pending Motion to Withdraw. *See* Seff Aff. ¶ 21.

On September 28th, Plaintiffs responded to Mr. Kaplan's Motion to Withdraw and cross-moved for various relief (Docs. 24-25).

On November 5th, this Court granted Mr. Kaplan's Motion to Withdraw and addressed Plaintiffs' Cross-Motion, ruling as follows:

> ORDER granting [23] Motion to Withdraw as Attorney. Ms. Conn is ordered to have replacement counsel appear or to assert self representation within thirty (30) days from the date of this order. The parties are also ordered to submit a new discovery schedule order within thirty (30) days of appearance of substitute counsel. Both parties to retain Vietnamese interpreter services of Kim-Lan Bloom. The Court will not order reimbursement of expenses at this time.

Doc. 28.

Ms. Conn's deadline to comply with this Court's November 5th Order was **Monday, December 6, 2021**.

Plaintiffs' undersigned counsel has not heard anything from Ms. Conn or an attorney for her in the period from November 5, 2021 to the present.

### LEGAL ARGUMENT

#### THIS COURT SHOULD DISMISS MS. CONN'S COUNTERCLAIMS FOR FAILING TO COMPLY WITH THIS COURT'S NOVEMBER 5, 2021 ORDER TO RETAIN NEW COUNSEL OR APPEAR *PRO SE*.

It is hornbook law that "[t]he court may dismiss an action based on the plaintiff's failure to comply with a court order *sua sponte* or upon motion."  Steven Baicker-McKee et al., Federal Civil Rules Handbook 1008 (2022) (footnote omitted) (citing cases).  *See generally* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it," and "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."); *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) ("The failure to comply with an order of the court is grounds for dismissal with prejudice.") (citing Fed. R. Civ. P. 41(b)); and *Wade v. Nassau Cty.*, 674 F. App'x 96, 97 (2d. Cir. 2017) (listing the factors courts review when considering involuntary dismissal pursuant to Rule 41(b)).

Rule 41's provisions apply with equal force to counterclaims.  *See* Fed. R. Civ. P. 41(c) ("This rule applies to dismissal of any counterclaim. . . ."); and *Brightpoint Distribution, LLC v. AliphCom*, No. 16-CV-03837-EDL, 2017 WL 7310780, at *7 (N.D. Cal. Dec. 4, 2017) (granting motion to dismiss counterclaim with prejudice) (citing Rule 41(b)).

Where a party fails to comply with a court order to retain new counsel, involuntary dismissal is warranted.  *See*, *e.g.*, *Brightpoint Distribution*, 2017 WL 7310780, at *2 (counterclaim dismissed with prejudice pursuant to Rule 41(b) where, "[i]n its order granting [Defendant's attorney's] motion to withdraw, the Court gave Defendant 30 days to obtain new counsel and set a further case management conference for September 5, 2017.  Defendant did

not make an appearance through counsel within 30 days of the Court's order and Defendant did not appear at the September 5, 2017 further case management conference") (citation omitted); and *Silogram Lubricants, Corp. v. Everclear of Ohio, Ltd.*, No. 12-3233 (FSH) (JBC), 2014 WL 2998994, at *1 (D.N.J. July 1, 2014) (Rule 41 dismissal granted where plaintiff's counsel withdrew and plaintiff did not retain new counsel by the court-ordered fifteen-day deadline).

Courts in this Circuit weigh the following five factors to determine whether involuntary dismissal pursuant to Rule 41(b) is appropriate:

> (1) [whether] the plaintiff's failure to prosecute caused a delay of significant duration; (2) [whether] plaintiff was given notice that further delay would result in dismissal; (3) [whether] defendant was likely to be prejudiced by further delay, (4) [whether] the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) [whether] the trial court adequately assessed the efficacy of lesser sanctions.

*Wade v. Nassau Cty.*, 674 F. App'x 96, 97 (2d. Cir. 2017).   No single factor is dispositive.   *Id.*

### A. Ms. Conn's Failure to Act in Response to this Court's November 5th Order Has Caused Significant Delay, with More Delay to Come.

Ms. Conn's failure to act in response to this Court's November 5th Order has already caused significant delay.   Moreover, under the Local Rules, Ms. Conn has thirty days to respond to this Motion.   *See* L.R. 7(a)(3)(A) (providing thirty days to oppose a dispositive motion). And if recent history is any guide, these thirty days will pass with no action by or response from Ms. Conn.   Such a delay is more than sufficient to warrant dismissal.   *Cf. Brightpoint Distribution* and *Silogram Lubricants*, *supra*.

### B. Ms. Conn Should Not Be Surprised if this Court Were to Dismiss Her Counterclaims.

This Court's November 5th Order does not state expressly that further delay would result in dismissal. Nevertheless, Ms. Conn should not be surprised if this Court were to dismiss her Counterclaims. On November 5th, this Court ordered Ms. Conn to "have replacement counsel appear or to assert self representation within thirty (30) days from the date of this order." Doc. 28. Mr. Kaplan represented Ms. Conn for over a year. *See* Doc. 3, which is Mr. Kaplan's October 21, 2020 Notice of Appearance. Clearly, Ms. Conn is capable of finding and hiring counsel when she wants or needs legal representation. Hence, she should not be surprised if this Court were to dismiss her Counterclaims. *Cf. Brightpoint Distribution*, 2017 WL 7310780, at *2, *7 (dismissing counterclaim where defendant *inter alia*, failed to retain new counsel within thirty days of the court's order requiring same); and *Silogram Lubricants*, 2014 WL 2998994, at *1 (dismissal granted where plaintiff did not retain new counsel within the court-ordered fifteen-day period).

### C. Ms. Pham is Likely to Be Prejudiced by Further Delay.

Ms. Pham is likely to be prejudiced by further delay. Indeed, delay is particularly harmful here, as Plaintiffs have observed Ms. Conn continuing to defame them online on a regular basis. Seff Aff. ¶ 27. Moreover, Plaintiffs have observed Ms. Conn make statements online that she would feign illness to avoid her responsibilities concerning this case. Seff Aff. ¶ 28.

### D. This Court's November 5th Order Carefully Balances the Need to Alleviate Court Calendar Congestion Against Ms. Conn's Right to An Opportunity for a Day in Court.

On November 5, 2021, this Court gave Ms. Conn thirty days to retain new counsel or declare that she would represent herself (Doc. 28). Thirty days was a reasonable and generous

amount of time under the circumstances, which include the facts that this case has been pending for over a year and that Ms. Conn's prior counsel moved to withdraw on the virtual eve of her then-scheduled deposition. *Cf. Jenkins v. Miller*, No. 2:12-CR-184, 2020 WL 64306, at *1, *2 (D. Vt. Jan. 7, 2020) (Sessions, J.) (noting that on January 6, 2020, the Court granted defense counsel's motion to withdraw and allowed the defense to retain new counsel within thirty days). *Cf. Silogram Lubricants*, 2014 WL 2998994, at *1 (dismissal granted where plaintiff did not retain new counsel within the court-ordered fifteen-day period).

Ms. Conn's failure to take *any* action in response to this Court's November 5th Order indicates that her interest in having her Counterclaims heard is outweighed by the need to alleviate court calendar congestion. *Cf. Wade v. Nassau Cty.*, 674 F. App'x 96, 98 (2d. Cir. 2017) ("[Plaintiff's] interest in having his case heard was diminished in light of his delay and thus was outweighed by the court's interest in managing its docket").

### E. Lesser Sanctions Would Be Ineffective.

Lesser sanctions would be ineffective, as Ms. Conn has proven herself to be a recalcitrant litigant. The Summons and original Complaint were served on Ms. Conn on October 5, 2020 (Docs. 1-2). Very shortly thereafter, Ms. Conn posted yet another video on YouTube defaming, harassing and intimidating Plaintiffs ("Video #16"). *See* Plaintiffs' First Complaint ("FAC") at ¶ 148 (Doc. 13).

When Plaintiffs' undersigned counsel learned about Video #16, he sent an October 29, 2020 letter to Ms. Conn's then-counsel, Mr. Kaplan, quoting the new Video in part and stating in part as follows:

> I am writing to alert you that, even after being sued in federal court for defamation, harassment and intimidation, your client, Tina Conn, continues to post defamatory, harassing and intimidating online video statements directed at my clients, Johnny Ha, Jenny Pham (a/k/a Jenny Ha) and Helen Le. . . .

> Please be advised that my clients will hold Ms. Conn responsible in Court for *all* of her defamatory, harassing and intimidating statements, including those statements – such as the ones above – that Ms. Conn has made and continues to make since the October 5th service of the Summons and Complaint. Ms. Conn should govern herself accordingly.

*See* **Exhibit A** hereto (D. Seff letter to R. Kaplan dated Oct. 29, 2020 (minus attachment)).

Despite having been sued, and despite having been warned via the above-quoted October 29, 2020 letter that she would be held responsible for her actionable statements published to third parties after having been served with the Summons and Complaint, in December 2020 Ms. Conn posted additional videos in which she again defames, harasses and intimidates Plaintiffs. *See* FAC ¶¶ 150-161 (discussing Video #17 and Video #18).

More recently, Plaintiffs have observed Ms. Conn continuing to defame them online on a regular basis and have observed Ms. Conn make online statements that she would feign illness to avoid her responsibilities concerning this case (Seff Aff. ¶¶ 27-28).

In short, lesser sanctions would be ineffective.

## CONCLUSION

For the reasons stated above, Plaintiff/Counterclaim Defendant Jenny Pham requests respectfully that this Court dismiss Defendant/Counterclaim Plaintiff Tina Conn's Counterclaims (Doc. 14, at pp. 16-20) with prejudice, and order such other relief which the Court deems just and proper.

Dated: December 9, 2021
      Burlington, Vermont

Respectfully submitted,

MSK ATTORNEYS

By:   /s/ *Daniel A. Seff*
      Daniel A. Seff

275 College Street
P.O. Box 4485
Burlington, VT 05406-4485
Phone: (802) 861-7000
Fax: (802) 861-7007
Email: dseff@mskvt.com

*Attorneys for Plaintiffs Johnny Ha, Jenny Pham (a/k/a Jenny Ha) and Helen Le, and Plaintiff-Counterclaim Defendant Jenny Pham (a/k/a Jenny Ha)*