```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT

JOHNNY HA, JENNY PHAM          )
a/k/a JENNY HA, and HELEN      )
LE,                            )
                               )
        Plaintiffs,            )
                               )
    v.                         )    Case No. 2:20-cv-155
                               )
TINA CONN,                     )
                               )
        Defendant.             )
```

## OPINION AND ORDER

Plaintiffs Johnny Ha, Jenny Pham a/k/a Jenny Ha and Helen Le move the Court to impose monetary sanctions on Defendant Tina Conn for failure to comply with a Court order. Ms. Conn's attorney withdrew from the case several months ago. The Court subsequently ordered Ms. Conn to appear with replacement counsel, or enter her own appearance *pro se* (representing herself), within 30 days. That deadline passed in December 2021, and Ms. Conn has failed to comply. Plaintiffs now contend that the litigation is stalled, and that Ms. Conn's ongoing tortious conduct continues to cause them harm. Plaintiffs therefore move for monetary sanctions to compel Ms. Conn's compliance with the Court's order.

For the reasons set forth below, the motion for sanctions (ECF No. 32) is granted.

**Factual Background**

Plaintiffs bring this action claiming that Ms. Conn has defamed them by publicly accusing them of "criminal offenses involving moral turpitude." ECF No. 13 at 29. Ms. Conn has also allegedly posted intimidating and harassing videos "motivated by ethnic, racial, religious and gender animosity." *Id.* at 30. This conduct is reportedly ongoing. For relief, Plaintiffs seek compensatory damages, punitive damages, injunctive relief and attorney's fees.

Plaintiffs commenced this case on September 30, 2020, and filed an Amended Complaint on January 8, 2021. On September 24, 2021, Ms. Conn's attorney filed a motion to withdraw as counsel, stating that his relationship with his client had "irrevocably broken down." ECF No. 23 at 1. On November 5, 2021, the Court granted the motion to withdraw and ordered Ms. Conn to either have replacement counsel appear on her behalf, or inform the Court that she would be representing herself, within 30 days. ECF No. 28. Ms. Conn has failed to comply with the Court's order. The Court previously dismissed Ms. Conn's counterclaims as a sanction for such failure. ECF No. 31. Plaintiffs now request daily monetary sanctions, payable to the Court, until Ms. Conn complies with the November 5, 2021 order. Plaintiffs also request attorney's fees incurred in connection with their motion.

## Discussion

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted). Those powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Accordingly, a court may hold a non-compliant litigant in contempt for disobeying a lawful order. "The underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987) (citations omitted).

"The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004); *see also Manhattan Indus., Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, 5 (2d Cir. 1989); *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d

126, 130 (2d Cir. 1979). To the extent a contempt sanction is coercive, the court has "broad discretion to design a remedy that will bring about compliance." *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982).

Here, Plaintiffs propose monetary sanctions. For crafting such sanctions, the Second Circuit has advised consideration of several factors, including "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon [her]." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987). The Court also notes Ms. Conn's current *pro se* status. "[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro se*s, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).

Plaintiffs' counsel has submitted an affidavit asserting that Ms. Conn continues to defame, harass and intimidate his clients. ECF No. 32-1 at 5, ¶ 23. Plaintiffs have also allegedly observed Ms. Conn boasting on the internet about her

4

financial assets, while public records reportedly show that she owns real estate in Vermont. *Id.*, ¶¶ 27-29. Accordingly, Plaintiffs request monetary sanctions in the amount of $500 to $1000 per day until Ms. Conn complies with the Court's November 5, 2021 order.

Given Ms. Conn's months-long failure to abide by the Court's order, Plaintiffs' request for monetary sanctions is appropriate. The "character and magnitude" of the harm caused by Ms. Conn's delay, particularly in light of allegedly-ongoing defamatory conduct, is not insignificant. With only minimal evidence of her liquid assets, however, the Court must take care to fashion a fine that is both reasonable and effective. The Court will therefore impose a sanction of $200 per day, for not more than 25 days, for each continued day of non-compliance with the November 5, 2021 order. The sanctions shall commence five days after the date of this Opinion and Order, and shall be payable to the United States District Court, for deposit in the Court's registry and will be held until further order of the Court. The Court also grants Plaintiffs' request for reasonable attorney's fees.

If Ms. Conn does not comply with the November 5, 2021 order within 30 days, Plaintiffs may file a dispositive motion and/or move for additional sanctions.

## **Conclusion**

For the reasons set forth above, Plaintiffs' motion for sanctions (ECF No. 32) is granted.

DATED at Burlington, in the District of Vermont, this 18th day of March, 2022.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court
