UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

---------------------------------------------------

JOHNNY HA, JENNY PHAM a/k/a )
JENNY HA, and HELEN LE, )
 )
 *Plaintiffs*, )
 )
 v. ) Civil Action No. 2:20-cv-155-wks
 )
TINA CONN, )
 )
 *Defendant*. )

---------------------------------------------------

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A PREJUDGMENT WRIT OF ATTACHMENT AGAINST DEFENDANT TINA CONN

Plaintiffs Johnny Ha, Jenny Pham (a/k/a Jenny Ha) and Helen Le (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their May 3, 2022 Motion pursuant to Federal Rule of Civil Procedure 64, 12 V. S. A. § 3295 and Rule 4.1 of the Vermont Rules of Civil Procedure for a prejudgment writ of attachment in the amount of $450,000.00 of the non-exempt real estate and personal property of Defendant Tina Conn ("Defendant" or "Ms. Conn"). Plaintiffs' Motion is based on the accompanying Declarations of Plaintiffs Johnny Ha, Jenny Pham and Helen Le and Plaintiffs' counsel Daniel A. Seff, and the following Memorandum of Law. A proposed Writ of Attachment and Order of Approval is attached as an Exhibit to the Seff Declaration. Plaintiffs state respectfully as follows:

### MEMORANDUM OF LAW

**A.   INTRODUCTION AND FACTUAL BACKGROUND**

In dozens of publicly accessible videos that Defendant posted to YouTube, Defendant makes statements in the Vietnamese language concerning Plaintiffs accusing them of adultery,

prostitution and/or bestiality.  For example, in a video Defendant posted to YouTube in August

2020 ("Video #1"), Defendant points to a picture of Plaintiff Helen Le and calls her words in

Vietnamese meaning "old whore," "whore" and "old slut."  Pls.' First Am. Compl. ¶ 21 (ECF

No. 13).

Defendant is so incorrigible that she has continued posting defamatory and harassing

videos concerning Plaintiffs even after being served with the Summons and Complaint in this

case.  In a video Defendant posted to YouTube in October 2020 shortly after being served with

the Summons and Complaint in this case ("Video #16"), Defendant says in Vietnamese to

Plaintiffs:

> Your mother fucker.  You follow that nigger, whore, you, animal,
> nigger. . . .
>
> ****
>
> ...Your motherfucker!  I'll curse you in the court house, I'll curse
> you right in the court house, bitch.  Your motherfucker.  You
> thought that you sent a court notice and I would be scared [of]
> you?  My cunt!  I ain't scared.  Bitch, Jenny Ha! ... Your mother
> fucker!  You thought that when I saw the court notice, I would be
> scared and I wouldn't dare to curse you?  Your mother fucker!  I
> curse you double!
>
> ****
>
> ... Fuck you!  Menstrual blood businessman.  Cunt blood
> businessman.  Your mother fucker.  I shall pour my menstrual
> blood on your mom's head in the Court House.
>
> ****
>
> Fuck your mother.  Take me to court.  You don't take me to court,
> your motherfucker, I'll curse you for 365 days, I curse you again
> and again so that you cannot reincarnate, bitch, the bitch Jenny Ha.
> Your motherfucker, you are an animal, do you understand?
>
> ****

> I curse your family lines and your ancestors, your mother is a
> whore, she lives in the darkness like she dies, she lives worse than
> dies, she'll die miserably, dies in the worst way possible, and
> afterlife she was cursed by the mouth of life, after she dies, she
> will be dumped into the grave of a slut, she won't be reincarnated.
>
> ****
> ... Damn you! lonely and helpless spirits, and hungry devils! ...
>
> ****
> Your motherfucker.  I'll drag the dog couple in 365 days, I dig
> your ancestor's tombs.  The dog couple.  I dig your ancestor's
> tombs 3 times per day, you know, bitch!

Pls.' First Am. Compl. ¶ 230 (ECF No. 13).

Defendant's actions have caused Plaintiffs to suffer various damages including impairment of reputation, diminished standing in the community, personal humiliation, injury and embarrassment, emotional distress and mental anguish.

Defendant subjected Plaintiffs to acts of intimidation and harassment, and such acts were motivated by ethnic, racial, religious and gender animosity.

Defendant posted numerous videos online in which she refers to Plaintiffs Jenny Ha and Helen Le repeatedly in Vietnamese as whores, prostitutes, sluts and bitches.

Defendant's use of these women-shaming words to describe Plaintiffs Jenny Ha and Helen Le demonstrate that Defendant's acts of intimidation and harassment were motivated by gender animosity.

Another example of Defendant's gender animosity motivating her acts of harassment and intimidation occurs in Video #13, in which Defendant used the Vietnamese phrase, "ngục quần què," which translates into English as "taste/drink menstrual blood of woman."  Pls.' First Am. Compl. ¶¶ 136, 209 (ECF No. 13).

This is the dirtiest language in South Vietnam, and it provokes a deep hatred of girls and women, and of the men having relationships with them.

In South Vietnamese culture, the menstrual blood of a specific girl/woman is strictly personal.  When it is used as an insult, it is the dirtiest language which provokes a deep hatred of people who touch it.

Yet another example of the racial and ethnic animosity motivating Defendant's acts of harassment and intimidation are Defendant's repeated statements that Plaintiff Johnny Ha had sexual relations with his mother-in-law, Plaintiff Helen Le.  For examples, *see* Video #6, Video #8 and Video #9, *quoted in* Pls.' First Am. Compl. ¶¶ 55, 73, 92 (ECF No. 13).

Different from western countries or America, where having sex with a current relative-in-law would be considered bad but not an act of criminal incest, in Vietnamese culture, the mother-in-law and father-in-law are respected, treated and considered like an actual biological mother and father.

Defendant's repeated statements that Plaintiff Johnny Ha had sexual relations with his mother-in-law, Plaintiff Helen Le, are understood in Vietnamese as assertions of forbidden family incest.  These repeated statements constitute serious harassment and intimidation motivated by racial and ethnic animosity.

Defendant's acts of intimidation and harassment against Plaintiffs were motivated by religious animosity, as well.  The Vietnamese word, "Từ đường" is translated into English as "ancestor / ancestor worship / ancestor worship hall."

For Vietnamese people, ancestor worship is a religion.  Vietnamese people may be Christians or Buddhists, but either way they worship their ancestors.  If a person, himself or herself, is cursed, it is a personal problem; but if a person's deceased parents/grandparents are cursed, it is a religious insult.  Defendant uses the religious insult, "Từ đường" against Plaintiffs

one time in Video #9 and three times in Video #12 (*see* English translations in Pls.' First Am. Compl. ¶¶ 92, 121 (ECF No. 13)).

Defendant's above-quoted words have religious meaning and they are extremely serious to Vietnamese people.  In Vietnamese culture, ancestor worship is a religion and the afterlife is very serious to a Vietnamese person, no matter whether he/she believes or does not believe in God, no matter if he/she follows Jesus Christ or Buddha.

Vietnamese people may be Christians or Buddhists, but either way they worship their ancestors.  Reincarnation is the most important thing – the afterlife.  Vietnamese people believe that spirits would have next lives, and spirits that cannot have a next life would be lonely, helpless, or become hungry devils that have extreme regret for their descendants.

This is why the cursing of 'no reincarnation' is blasphemous for Vietnamese people. And this is especially the case where, as here, such a curse is spoken in public with the intention for everyone to hear it.  Such a curse is a religious blasphemy as well as an example of ethnic hatred.

**B.** **STANDARD OF REVIEW**

A federal district court may issue a writ of attachment on a defendant's property, including real property, when an attachment is authorized by state law.  *See* Fed. R. Civ. P. 64. Vermont law provides for the attachment of real estate and personal property "as provided by rule adopted by the [Vermont] supreme court. . . ."  12 V. S. A. § 3295.  Rule 4.1 of the Vermont Rules of Civil Procedure governs prejudgment writs of attachment.  Rule 4.1 states in pertinent part that:

> an order of approval may be issued only upon motion after 7 days' notice to the defendant, or on such shorter notice as the judge may prescribe for good cause shown, and upon hearing and a finding by the court that there is a **reasonable likelihood that the plaintiff will recover judgment**, including interest and costs, in an amount

> equal to or greater than the amount of the attachment over and
> above any liability insurance, bond, or other security shown by the
> defendant to be available to satisfy the judgment. . . .

Vt. R. Civ. P. 4.1(b)(2) (emphasis added).

Rule 4.1(g) makes clear that an order of approval "may issue at any time before judgment" for the "attachment of real estate, goods or chattels, or other property."  Vt. R. Civ. P. 4.1(g).

Rule 4.1(i) provides that, "[a]ffidavits required by this rule shall set forth specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information, or belief; and, so far as upon information and belief, shall state that the affiant believes this information to be true."  Vt. R. Civ. P. 4.1(i).

## C.    GOVERNING LAW

The substantive law of Virginia, including Virginia Code § 8.01-42.1, governs this case because Plaintiffs are citizens of Virginia and the harms caused by Defendant's defamatory, harassing and intimidating statements and actions are greatest in Virginia.  In addition, Virginia has a strong interest in protecting its citizens from defamation, intimidation and harassment.  *See generally* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 150(1) ("The rights and liabilities that arise from defamatory matter . . . are determined by the local law of the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties. . . .") (Am. Law. Inst. 1971).

Virginia Code Section 8.01-42.1, entitled, "Civil action for racial, religious, or ethnic harassment, violence or vandalism," provides in relevant part as follows:

> A. An action for injunctive relief or civil damages, or both,
> shall lie for any person who is subjected to acts of (i) intimidation
> or harassment, (ii) violence directed against his person, or (iii)
> vandalism directed against his real or personal property, where

such acts are motivated by racial, religious, gender, disability, gender identity, sexual orientation, or ethnic animosity.

B. Any aggrieved party who initiates and prevails in an action authorized by this section shall be entitled to damages, including punitive damages, and in the discretion of the court to an award of the cost of the litigation and reasonable attorney fees in an amount to be fixed by the court.

Va. Code § 8.01-42.1(A)-(B).

**D.     ARGUMENT**

> **PLAINTIFFS ARE ENTITLED TO AN ATTACHMENT OF DEFENDANT'S REAL ESTATE AND PERSONAL PROPERTY IN THE AMOUNT OF $450,000.00 BECAUSE THERE IS A REASONABLE LIKELIHOOD THAT THEY WILL RECOVER JUDGMENT AGAINST DEFENDANT, INCLUDING INTEREST AND COSTS, EQUAL TO OR GREATER THAN THAT AMOUNT.**

Defendant's defamatory *per se* and defamatory statements caused Plaintiffs to suffer ongoing impairment of reputation, diminished standing in the community, personal humiliation, injury and embarrassment, emotional distress and mental anguish, and professional and financial harm. *See* the accompanying Declarations of Plaintiffs Johnny Ha, Jenny Pham and Helen Le. Moreover, the First Amended Complaint requests the following monetary relief against Defendant:

> A.     On Count I, presumed damages for each Plaintiff in an amount to be determined at trial that is greater than $75,000 per Plaintiff, and also punitive damages for each Plaintiff in an amount to be determined at trial;
>
> B.     On Count II, compensatory damages for each Plaintiff in an amount to be determined at trial that is greater than $75,000 per Plaintiff, and also punitive damages for each Plaintiff in an amount to be determined at trial;
>
> C.     On Count III, civil damages for each Plaintiff in an amount to be determined at trial that is greater than $75,000 per Plaintiff, and also punitive damages for each Plaintiff in an amount to be determined at trial;

      D.      On Count III, injunctive relief prohibiting Defendant for engaging in further harassment and intimidation of Plaintiffs, and commanding Defendant to delete all of her harassing and intimidating statements concerning Plaintiffs; [and]

      E.      On Count III, an award of the cost of the litigation and reasonable attorneys' fees in an amount to be fixed by the Court. . . .

Pls.' First Am. Compl., pp. 38-39, Wherefore clause ¶¶ A to E (ECF No. 13).

In *Cooper v. Myer*, 2007 VT 131, 183 Vt. 561, 944 A.2d 915 (mem.), the plaintiff recovered $150,000.00 following a jury trial on his defamation claim based on "statements uttered by the defendant to various third parties calling plaintiff a thief and accusing him of embezzling money from Topnotch, stealing money from defendant and Topnotch, being under criminal investigation, and being fired from Topnotch." *Id.* ¶ 4, 183 Vt. at 562, 944 A.2d at 917. The Supreme Court affirmed the jury award, which included "$75,000 for injury to plaintiff's reputation, [and] $75,000 for actual harm suffered by plaintiff." *Id.* ¶ 12, 183 Vt. at 564, 944 A.2d at 919.

The jury verdict in *Cooper* occurred in February 2006.  *See Cooper v. Myer*, No. 124-6-03 Lecv, 2006 WL 5429439 (Vt. Super. Ct. Lamoille Cty. Feb. 24, 2006).  It is now more than sixteen years later and, not surprisingly due to inflation, $150,000.00 in 2006 dollars equates to more than $213,916.67 in today's dollars.  *See* CPI Inflation Calculator, https://www.in2013dollars.com/us/inflation/2006?amount=150000 (last visited May 3, 2022). And with the utmost respect to Mr. Cooper, the defamatory statements Ms. Conn published concerning Plaintiffs are far more sweeping in scope, quantity and maliciousness.

Moreover, Vermont allows punitive damages in defamation cases.  *See generally Kneebinding, Inc. v. Howell*, 2018 VT 101, ¶ 87, 208 Vt. 578, 617, 201 A.3d 326, 356 ("Once a

plaintiff establishes general damages in a defamation suit, he or she may seek punitive damages if the defendant acted with malice.").

Certain categories of slander (spoken defamation) are actionable *per se*. One such category is imputation of a crime. *See generally Knelman v. Middlebury Coll.*, 898 F. Supp. 2d 697, 726 (D. Vt. 2012) (Reiss, C.J.) (listing categories), *aff'd*, 570 F. App'x 66 (2d Cir. 2014). The First Amended Complaint contains *numerous* examples of Defendant's verbal defamatory statements that are actionable *per se*.

Accordingly, Plaintiffs submit respectfully that they are entitled to a prejudgment writ of attachment of Defendant's property in the amount of $150,000.00 per Plaintiff (for a total of $450,000.00) because there is a reasonable likelihood that they will recover judgments against Defendant, including interest and costs, equal to or greater than that amount.

## E.   CONCLUSION

For the reasons stated above, this Court should issue a prejudgment writ of attachment in the amount of $450,000.00 of the non-exempt property of Defendant Tina Conn because there is a reasonable likelihood that Plaintiffs Johnny Ha, Jenny Pham and Helen Le will recover judgment against Ms. Conn, including interest and costs, equal to or greater than that amount.

**WHEREFORE**, Plaintiffs request respectfully that this Court issue a Writ of Attachment and Order of Approval in a form substantially similar to the proposed Writ of Attachment and Order of Approval attached as an Exhibit to the accompanying Declaration of Daniel A. Seff.

Dated: May 3, 2022
       Burlington, Vermont            Respectfully submitted,

                                      MSK ATTORNEYS

                     By:   /s/ *Daniel A. Seff*
                                      Daniel A. Seff

                                    275 College Street
                                    P.O. Box 4485
                                    Burlington, VT 05406-4485
                                    Phone: (802) 861-7000
                                    Fax: (802) 861-7007
                                    Email: dseff@mskvt.com

                                    *Attorneys for Plaintiffs Johnny Ha, Jenny Pham*
                                    *(a/k/a Jenny Ha) and Helen Le*