```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT

JOHNNY HA, JENNY PHAM a/k/a    :
JENNY HA, and HELEN LE,        :
                               :
     Plaintiffs,               :
                               :
          v.                   :    Case No. 2:20-cv-155
                               :
TINA CONN,                     :
                               :
     Defendant.                :
```

**ORDER**

Plaintiffs have moved the Court for a restraining order and monetary sanctions against Defendant Tina Conn, claiming Defendant has made, and continues to make, extrajudicial communications intended to intimidate and harass them into dropping this lawsuit. ECF No. 58. At a hearing on August 22, 2022, the Court granted the motion in part. ECF No. 60. This written order follows.

The Supreme Court has recognized that courts have "inherent power" to impose sanctions upon a showing that a party acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). This inherent power allows for the imposition of sanctions "for conduct which abuses the judicial process." *Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993) (quoting *Chambers*, 501 U.S. at 44-45) (internal quotation marks omitted); *see also Roadway*

*Exp., Inc. v. Piper*, 447 U.S. 752, 765 (1980) (recognizing "the 'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962).

Abusive litigation practices include intimidating or harassing individuals involved in the litigation and may be addressed with an appropriate order from the presiding court. *See, e.g., Frumkin v. Mayo Clinic*, 965 F.2d 620, 627 (8th Cir. 1992) (upholding sanctions after a party harassed another party's witnesses and noting "the injunctive order as entered was well within the district court's discretion to craft an appropriate remedy"). "A court in the Second Circuit may impose sanctions if it finds, with a high degree of specificity in its factual findings, that there is clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes." *Kensington Int'l Ltd. v. Republic of Congo*, No. 03 CIV. 4578 (LAP), 2007 WL 2456993 (S.D.N.Y. Aug. 24, 2007), aff'd sub nom. *Cleary Gottlieb Steen & Hamilton LLP v. Kensington Int'l Ltd.,* 284 F. App'x 826 (2d Cir. 2008) (citing *Schaffer Nance & Co. v. Estate of Andy Warhol,* 194 F.3d 323, 334 (2d Cir. 1999)).

In this case, the Court finds clear evidence that Defendant has engaged in abusive litigation practices and that Plaintiffs face harm in the absence of a restraining order.  Specifically,

Plaintiffs produced a video from Facebook in which Defendant makes comments about Plaintiffs dying in connection with their continued involvement in this litigation. As a result, Plaintiffs are faced with concerns about their safety and well-being. Because this litigation is ongoing and Defendant's comments relate to Plaintiffs continued involvement in this case, these harms are imminent and require Court intervention.

Accordingly, it is hereby ORDERED that:

Defendant is enjoined from using social media, or any other means, to threaten any person involved in this litigation. Defendant is further enjoined from making comments that connect this litigation with the death or ill-fate of any person involved in the litigation. If Defendant violates the terms of this Order, she will be required to return to Court and may face additional sanctions, including monetary sanctions. This Order is consistent with the Court's statements at the August 22, 2022 hearing and is therefore effective as of that date. The Order shall remain in effect for the duration of this case.

DATED at Burlington, in the District of Vermont, this 25th day of August, 2022.

/s/ William K. Sessions
William K. Sessions III
United States District Court Judge