UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JOHNNY HA, JENNY PHAM      )
a/k/a JENNY HA, and HELEN  )
LE,                        )
                           )
        Plaintiffs,        )
                           )
    v.                     )    Case No. 2:20-cv-155
                           )
TINA CONN,                 )
                           )
        Defendant.         )


## OPINION AND ORDER

Pending before the Court is Plaintiffs' application for
entry of default and default judgment based upon Defendant Tina
Conn's willful failure to participate as a litigant in this
case.  The default application follows Plaintiffs' motion to
compel discovery responses and motion for discovery sanctions.
The application also follows the Court's repeated warnings to
Ms. Conn that she must either have an attorney enter an
appearance or inform the Court that she is representing herself.

The Court's most recent order warned Ms. Conn that
continued failure to comply could result in a default judgment.
Ms. Conn has nonetheless failed to submit any sort of response.
She has also failed to respond to Plaintiffs' motion for
sanctions.  As set forth below, the application for entry of
default and default judgment is granted.

## Factual and Procedural Background

Plaintiffs Johnny Ha, Jenny Pham a/k/a Jenny Ha and Helen Le bring this action claiming that Ms. Conn has defamed them by publicly accusing them of "criminal offenses involving moral turpitude." ECF No. 13 at 29. Ms. Conn has also allegedly posted intimidating and harassing videos "motivated by ethnic, racial, religious and gender animosity." *Id.* at 30. For relief, Plaintiffs seek compensatory damages, punitive damages, injunctive relief and attorney's fees.

Plaintiffs commenced this case on September 30, 2020, and filed an Amended Complaint on January 8, 2021. Ms. Conn responded, through counsel, with an Answer and Counterclaim. On September 24, 2021, Ms. Conn's attorney filed a motion to withdraw, stating that his relationship with his client had "irrevocably broken down." ECF No. 23 at 1. On November 5, 2021, the Court granted the motion to withdraw and allowed Ms. Conn 30 days in which to either have replacement counsel appear on her behalf, or inform the Court that she would be representing herself. ECF No. 28. Ms. Conn failed to comply with the Court's order. Plaintiffs moved to dismiss Ms. Conn's counterclaims as a sanction for such failure, and the Court granted the motion. ECF Nos. 29, 31.

On February 15, 2022, Plaintiffs filed a motion for additional sanctions based upon Ms. Conn's failure to either

retain new counsel or assert her right to self-representation.
ECF No. 32.  Counsel for Plaintiffs also represented to the
Court that Ms. Conn was currently defaming, harassing and
intimidating his clients, and was boasting on the internet about
her financial assets.  After Ms. Conn failed to oppose the
motion, the Court imposed a sanction of $200 per day, not to
exceed 25 days, until she either entered her appearance *pro se*
or retained an attorney to enter the case.  Those 25 days passed
without any response from Ms. Conn.

On May 3, 2022, Plaintiffs filed a motion for a writ of
attachment, arguing that they are reasonably likely to prevail
on their defamation claims.  The Court scheduled a hearing on
the motion for June 2, 2022.  When Ms. Conn failed to appear,
the Court signed the application for a writ of attachment.
Later that day, however, after Ms. Conn arrived at the
courthouse, the Court reconvened the hearing.  Ms. Conn
represented to the Court that she speaks primarily Vietnamese
and does not speak English well.  The Court informed her that
she had 30 days in which to retain counsel, and scheduled
another hearing for June 30, 2022.  The Court also vacated the
attachment order.

On June 7, 2022, Plaintiffs filed an emergency motion for a
writ of attachment, based in part on their allegation that Ms.
Conn lied to the Court about her ability to speak English.  ECF

3

No. 49.  On June 13, 2022, one week after receiving Plaintiffs'
motion, the Court held another hearing at which a Vietnamese
interpreter was present.  At that hearing, the Court granted an
attachment and again informed Ms. Conn about the need to appear
with counsel on June 30, 2022.  Ms. Conn subsequently moved to
continue the June 30 hearing due to medical issues, and to allow
her additional time in which to retain counsel.  The Court
granted the motion.

The next hearing was held on August 22, 2022.  Ms. Conn
appeared without counsel, and a Vietnamese interpreter was again
present.  Prior to the hearing, Plaintiffs filed a motion for a
restraining order and for monetary sanctions, alleging that Ms.
Conn had threatened them with death after receiving
communications from their attorney.  ECF No. 58.  The Court
heard and granted the motion, finding "clear evidence of abusive
litigation practices" and barring Ms. Conn from threatening any
person involved in this litigation.  ECF No. 61.

On August 23, 2022, Plaintiffs moved to compel discovery
responses and for sanctions.  The discovery responses, including
responses to requests for admissions, were overdue by more than
one year.  The motion also noted that Ms. Conn had failed to
respond to any of Plaintiffs' court filings since her attorney
withdrew from the case on September 24, 2021.  That motion is
currently pending.

On December 7, 2022, the Court issued an Order requiring Ms. Conn to, within 15 days, either have an attorney enter an appearance on her behalf or inform the Court, in writing, that she is representing herself.  The Court warned that "[f]ailure to do so may result in sanctions, including an entry of a default and default judgment against the Defendant."  ECF No. 62 at 2.  Over 30 days have passed, and Ms. Conn has not responded to the Court's Order.

On December 23, 2022, Plaintiffs filed their pending motion for entry of default and for a default judgment. Plaintiff request $675,000 in damages plus punitive damages and attorney's fees in an amount to be determined.  Acknowledging that entry of a default judgment is typically a two-step process, Plaintiffs move the Court to enter a default under Federal Rule of Civil Procedure 55(a), and to schedule a hearing to determine the amount of the default judgment.

## **Discussion**

Rule 55 of the Federal Rules of Civil Procedure sets forth the process for entry of a default judgment.  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, the Clerk of Court enters a default pursuant to Rule 55(a) when the defendant has failed to plead or otherwise offer a defense. *See id.; see also* Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citations omitted).

After the Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c) the Court may enter a default judgment. *See* Fed. R. Civ. P. 55(b). Following entry of default, "a court is required to accept all of the [non-defaulting party's] factual allegations as true and draw all reasonable inferences in its favor . . . but it is also required to determine whether the [non-defaulting party's] allegations establish [the defaulting party's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Further, "[t]he entry of a default [under Rule 55(a)], while establishing liability, is not an admission of damages." *Mickalis Pawn Shop, LLC*, 645 F.3d at 128 (internal quotations marks and citations removed). "Even when a default judgment is warranted based on a party's failure to defend . . . [the district court must] conduct an inquiry in order to ascertain the amount of damages

with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

Here, Plaintiffs are not seeking entry of a default judgment at this time.  They instead ask the Court to enter a default under Rule 55(a), and to schedule a hearing at which they may establish damages.  ECF No. 65 at 5.  Plaintiffs will note, as set forth above, that the Court must also find their allegations, accepted as true, form the basis for liability as a matter of law.  *Finkel*, 577 F.3d at 84.

Plaintiffs submit that liability may be predicated in part upon Ms. Conn's failure to respond to their requests for admissions.  By rule, failure to respond to such requests results in those matters being deemed admitted.  Fed. R. Civ. P. 36(a)(3); *Apex Oil Co. v. Belcher Co. of N.Y., Inc.*, 855 F.2d 1009 (2d Cir. 1988) (a matter in a Rule 36 request for admissions is deemed admitted unless objected to in writing within 30 days).  Plaintiffs' pending motion to compel and for sanctions (ECF No. 62) asks the Court to consider their requests as admitted, and the Court will consider the uncontested requests for admissions when determining liability.

In light of Ms. Conn's repeated failures to abide by this Court's orders, the Court finds that entry of a default is appropriate.  *See, e.g., Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (affirming entry of default based

7

upon "sustained recalcitrance"); *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 49-50 (2d Cir. 1994) (affirming dismissal where *pro se* plaintiff exhibited "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action").  At this point in the litigation, Ms. Conn's conduct is clearly willful, and Plaintiffs are entitled to relief.  *See S. New England Tel. Co. v. Global NAPs Inc*., 624 F.3d 123, 144 (2d Cir. 2010) (holding that default is appropriate "if the district court finds that the failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sanctioned.").  Default judgment will also issue upon a proper showing of liability and damages by Plaintiffs, as lesser sanctions have proven ineffective.  *See Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989) (entry of default judgment against defendants was proper where the defendants ignored court orders and the court imposed a "soft sanction" before resorting to a default judgment).  A hearing date on those issues will be forthcoming.

<u>**Conclusion**</u>

For the reasons set forth above, Plaintiffs' motion for entry of default and default judgment (ECF No. 65) is granted, and the Court hereby enters a default pursuant to Federal Rule

of Civil Procedure 55(a).  A hearing date for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) will be forthcoming.

DATED at Burlington, in the District of Vermont, this 19th day of January, 2023.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge