```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

JOHNNY HA, JENNY PHAM            )
a/k/a JENNY HA, and HELEN        )
LE,                              )
                                 )
         Plaintiffs,             )
                                 )
    v.                           )    Case No. 2:20-cv-155
                                 )
TINA CONN,                       )
                                 )
         Defendant.              )
```

## OPINION AND ORDER

Pending before the Court is Defendant Tina Conn's motion to set aside the default entered against her on January 19, 2023. After the Court entered the default, Ms. Conn filed the pending motion *pro se* and retained counsel. Counsel submitted a memorandum in support, and on May 1, 2023 the Court held a hearing on the motion.

For the reasons set forth below, the motion to set aside the default is **granted** and the order granting the default is **vacated**. However, in light of Ms. Conn's conduct in the course of this litigation, the Court finds that a sanction is still warranted. The Court therefore **orders** Ms. Conn to pay Plaintiffs' attorney's fees and costs related to their efforts to secure the default. Plaintiffs' pending motion to compel discovery responses is also **granted**, and Ms. Conn is ordered to pay fees related to that motion as well.

**Background**

The factual and procedural history of this case was largely set forth in the Court's Opinion and Order dated January 19, 2023.  ECF No. 66.  The Court assumes the parties' familiarity with that history.

Briefly stated, Ms. Conn's original attorney withdrew from the case in September 2021.  From the date of her attorney's withdrawal through February 2023, Ms. Conn failed to comply with multiple Court-ordered deadlines.  Having issued several warnings to Ms. Conn about possible sanctions, the Court ultimately granted Plaintiffs' motion for default and set a date for a hearing in which to establish damages and enter a default judgment.

Prior to the hearing date, Ms. Conn filed her pending motion to set aside the default.  As noted above, her newly-retained attorney filed a memorandum in support and the Court held a hearing on the motion.  At the conclusion of the hearing, the Court took the motion under advisement.

Also pending before the Court is Plaintiffs' motion to compel discovery responses.  The motion was filed on September 23, 2022.  There is no indication on the record that Ms. Conn has responded to those requests.  Plaintiffs seek various forms of relief, including an order for production and for the payment of attorney's fees related to the motion to compel.

**Discussion**

**I.   Motion to Set Aside Default**

Under Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause."  The Second Circuit has held that, in determining whether good cause has been shown, a district court should weigh three "widely accepted factors": "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  "Other relevant equitable factors may also be considered," including "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result."  *Id.*  The decision whether to set aside a default is "committed to the discretion of the district court."  *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983) (citation omitted).

The Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default," *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995), and has "described default judgments as 'the most severe sanction which the court may apply,'" *id.* (quoting *Sec. & Exchange Comm'n v. Mgmnt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975)).  Given those considerations, "in ruling on a motion

3

to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) ("Because there is a preference for resolving disputes on the merits, doubts should be resolved in favor of the defaulting party." (internal quotation marks and citation omitted)).

> A. **Willfulness**

In granting Plaintiffs' motion for default, the Court previously concluded, based upon the record before it, that Ms. Conn's failure to engage in this litigation was willful. At that time, the Court was aware of the possibility of a language barrier and allegations of health issues, yet the evidence was insufficient to excuse her repeated failures to respond either to opposing counsel or the Court. The hearing on the motion to set aside shed additional light on those issues.

With the assistance of counsel, Ms. Conn has now provided the Court with a list of attorneys and legal organizations she contacted in her effort to obtain representation. That effort was consistent with the Court's repeated orders for her to either appear with counsel or declare her *pro se* status. Ms. Conn has also provided additional medical information under seal. With respect to any language barrier, her attorney represented that she uses an interpreter when seeking medical

4

care, and a translator when speaking with him about this case. Those facts suggest that, at least with respect to medical and legal issues, Ms. Conn may indeed experience a language barrier.

Other evidence before the Court renders willfulness a close question. Plaintiffs have offered video of Ms. Conn explaining on the internet that opposing counsel continued to send her letters, and expressing pleasure that such letters were costing Plaintiffs money. Video evidence also showed Ms. Conn singing and enjoying herself while, during that same time period, health issues allegedly prevented her from responding to opposing counsel and the Court. With respect to the question of a language barrier, Ms. Conn revealed at the hearing that she was married to a man for many years whose primary language was English and who spoke very limited Vietnamese. Evidence offered to show that Ms. Conn understands English legal documents, including allegedly translating her deceased husband's will "on the fly," was not persuasive, as it was unclear whether those documents had been explained or translated previously.

Willfulness "refer[s] to conduct that is more than merely negligent or careless." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). Instead, the conduct must be "egregious and ... not satisfactorily explained." *Id.* (quoting

5

*McNulty*, 137 F.3d at 738). Here, there are plausible explanations for Ms. Conn's failures, including the language barrier, health issues, and a general unfamiliarity with the legal system. *See, e.g.*, *Bartman v. L'Officiel USA Inc.*, 2021 WL 5303915, at *3 (S.D.N.Y. Nov. 15, 2021) (finding lack of willfulness where party's conduct "might have been the product of confusion and neglect, particularly given their possible lack of familiarity with U.S. legal procedure").

Nonetheless, the consistency and duration of Ms. Conn's failures to obey Court orders and otherwise engage in this litigation is not entirely excusable. The Court ordered Ms. Conn on November 5, 2021 to appear with replacement counsel or *pro se* within 30 days. She did not comply. On March 22, 2022, the Court imposed sanctions against Ms. Conn if she continued to ignore the November 5, 2021 order. Ms. Conn still did not comply. On June 13, 2022, the Court addressed Ms. Conn in the courtroom with the assistance of an interpreter. On August 25, 2022, the Court issued a restraining order against Ms. Conn after video evidence reportedly showed her making comments about Plaintiffs dying in connection with this litigation.

On December 7, 2022, the Court issued an order to show cause again requiring Ms. Conn to, within 15 days, either appear with counsel or inform the Court that she was representing herself. Ms. Conn failed to comply with that deadline as well.

6

A video of Ms. Conn from later that month showed her referencing correspondence from opposing counsel. On January 24, 2023, after the Court entered a default against her, Ms. Conn at last submitted a substantive written response. On February 21, 2023, she filed her *pro se* motion to set aside the default.

While the Court was previously inclined to enter a default and default judgment, Ms. Conn's most recent evidence of medical issues and testimony about her language limitations complicate the issue. Video evidence of Ms. Conn speaking about the litigation, and specifically her potential for an appeal, suggests that she never intended to default. Indeed, when faced with the likelihood of default judgment, Ms. Conn filed her pending motion and retained counsel. On this factual record, and absent evidence of a strategic decision to default, the Court is reluctant to move toward default judgment. *See Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996) (noting, in the Rule 60(b) context, that the Second Circuit has "refused to vacate a judgment where the moving party had apparently made a strategic decision to default"); *see also Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-CV-9612 (LJL), 2021 WL 6064101, at *3 (S.D.N.Y. Dec. 22, 2021) ("Even if it could be characterized as willful, it is so close to the line that, given the other factors in the case, the judgment should be vacated.").

The Court finds that Ms. Conn's conduct was more than merely negligent, and that there was an element of defiance in her actions. The Court also finds that Ms. Conn bears significant responsibility for delays in the case, and for the Plaintiffs' decision to seek sanctions in the form of a default judgment. Accordingly, as set forth in more detail below, the Court imposes a lesser sanction in the form of attorney's fees and costs. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (noting that when a district court considers dismissal, "the 'less severe sanction' of an assessment of attorney's fees is undoubtedly within a court's inherent power as well").

### B. Prejudice

Plaintiffs have suffered prejudice in the form of time, money, and resources expended in trying to move this case forward. The Court can address those forms of prejudice without entering a default. *See Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931 (LJL), 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (setting aside default and reimbursing plaintiff for reasonable attorney's fees incurred by moving for entry of default and for default judgment). Limited attorney's fees will therefore be awarded to Plaintiffs as set forth below.

### C. Meritorious Defense

"Vacating the entry of default should not be a pointless exercise; a court should only vacate an entry of default when

8

the defaulting party has some prospect of avoiding a judgment - that is, when it has a meritorious defense." *Id.* at *6 (citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 174 (2d Cir. 2004) (holding that the absence of a meritorious defense is sufficient to support denial of a motion to vacate a default judgment)). Counsel for Ms. Conn has asserted, for the first time in the case, the defense of "rhetorical hyperbole." Citing Virginia law (because Plaintiffs are Virginia residents), Ms. Conn's new defense asserts that rhetorical hyperbole is not actionable defamation since "no reasonable inference could be drawn that the individual identified in the statements, as a matter of fact, engaged in the conduct described. The statements could not reasonably be understood to convey a false representation of fact." *Yeagle v. Collegiate Times*, 497 S.E.2d 136, 137 (Va. 1998).

   Plaintiffs argue that this defense, coming so late in the case, is untimely and has been waived. Countering that argument is the appearance of new counsel on behalf of Ms. Conn, and his ability to amend her pleadings under the liberal standard set forth in Federal Rule of Civil Procedure 15. The Court also notes that, with new counsel in the case, a revised scheduling order will likely issue. The Court therefore finds that the argument has not been waived.

9

As to the merits of the defense, the parties have not fully briefed the issue under applicable state law. Nor is the record sufficiently developed for the Court to assess the facts in support. The Court recognizes the assertion of the "rhetorical hyperbole" defense, its validity under Virginia law, its plausible application here, and the likelihood that the pleadings will be properly amended to assert such a defense. The Court also acknowledges that Ms. Conn may have a complete defense to claims of harassment or intimidation on the basis of ethnicity or gender, particularly since she shares the same ethnic background and gender as some of her alleged victims. Accordingly, the Court will not uphold the default for lack of a meritorious defense.

### D. Order on Motion for Default and Default Judgment

The Court therefore vacates its prior order on the motion for default and default judgment. It nonetheless grants the motion to the extent that a sanction is still appropriate under the Court's inherent authority. *Chambers*, 501 U.S. at 45. Plaintiffs shall submit to the Court within 21 days an accounting of their legal fees and costs accrued since, and including, their application for entry of default and default judgment on December 23, 2022. The Court will review that accounting *in camera* and issue an appropriate order. Once the Court issues its order, Ms. Conn will have 30 days to pay the

10

awarded fees and costs.  Failure to do so may result in additional sanctions, including the entry of another default and default judgment.

## II.  Motion to Compel

Also pending before the Court is Plaintiffs' motion to compel discovery responses, filed on September 23, 2022.  Ms. Conn has not responded to the motion.

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move to compel disclosure if the opposing party has failed to respond to requests for information.  Here, Plaintiffs reportedly served interrogatories, document requests, and requests for admission on July 2, 2021.  When Plaintiffs filed their motion to compel over a year later, Ms. Conn had not provided any of the requested discovery.  Their motion asks the Court to compel interrogatory and document request responses within 30 days, to deem the matters set forth in the requests to admit as admitted, and for payment of their attorney's fees.

Given the appearance of new counsel on Ms. Conn's behalf, and having now vacated its prior order, the Court will not deem any matter admitted.  Instead, the motion to compel is granted to the extent that Ms. Conn shall produce all requested information, including responses to the requests to admit, within 30 days of this Opinion and Order.  Appropriate objections may be interposed.  The Court also orders Ms. Conn to

11

pay Plaintiffs' reasonable attorney's fees and costs relative to the motion to compel. Those fees and costs shall be set forth in an accounting for *in camera* review submitted to the Court within 21 days, and the Court will issue an order for payment thereafter.

## Conclusion

For the reasons set forth above, Plaintiffs' motion to compel (ECF No. 62) is granted and Defendant's motion to set aside (ECF No. 72) is granted. The Court's prior Opinion and Order on Plaintiffs' motion for default and default judgment (ECF No. 66) is vacated, and Plaintiffs' motion (ECF No. 65) is again granted with the imposition of a lesser sanction. Defendant's motion to file attachments under seal (ECF No. 68) is granted.

Defendant is ordered to pay reasonable attorney's fees and costs relative to the motion to compel and Plaintiffs' most recent application for entry of default and default judgment. Plaintiffs' counsel shall submit to the Court an accounting of such fees and costs within 21 days for the Court's *in camera* review. The Court will issue a final order for payment after conducting that review. Defendant shall serve responses to outstanding discovery requests within 30 days of this Opinion and Order.

DATED at Burlington, in the District of Vermont, this 6th day of June, 2023.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge