UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JOHNNY HA, JENNY PHAM a/k/a      :
JENNY HA, and HELEN LE,          :
                                 :
     Plaintiffs,                 :
                                 :
          v.                     :    Case No. 2:20-cv-155
                                 :
TINA CONN,                       :
                                 :
     Defendant.                  :

## OPINION AND ORDER

On June 6, 2023, the Court ordered Defendant Tina Conn to pay Plaintiffs' attorney's fees and costs related to their efforts to secure a default and default judgment.  The Court also ordered Ms. Conn to pay fees and costs related to Plaintiffs' motion to compel discovery responses.  Now before the Court is Plaintiffs' *in camera* submission of their fees and costs, supported by a declaration of counsel, related to those matters.

A "district court retains discretion to determine ... what constitutes a reasonable fee."  *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998) (internal quotation marks omitted).  "However, this discretion is not unfettered, and when a prevailing party is entitled to attorneys' fees, the district court must abide by the procedural requirements for calculating those fees articulated by this Court and the Supreme Court."

*Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011),
*superseded on other grounds as recognized in Acker v. Gen.
Motors, L.L.C.*, 853 F.3d 784, 790 (5th Cir. 2017).  Both the
Second Circuit "and the Supreme Court have held that the
lodestar—the product of a reasonable hourly rate and the
reasonable number of hours required by the case—creates a
'presumptively reasonable fee.'"  *Id.* (quoting *Arbor Hill
Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522
F.3d 182, 183 (2d Cir. 2008)); *see also generally H.C. v. New
York City Dep't of Educ.*, 71 F.4th 120, 126 (2d Cir. 2023).
While a "detailed explanation of the lodestar calculation is
unnecessary," the award must nonetheless be "'objective and
reviewable,'" and "should at least provide the number of hours
and hourly rate it used to produce the lodestar figure."
*Millea*, 658 F.3d at 167 (quoting *Perdue v. Kenny A. ex rel.
Winn*, 559 U.S. 542, 555 (2010)).

     Here, Plaintiffs' counsel has submitted a declaration
setting forth a request of $51,080.20 based upon 136.2 hours of
attorney time, three hours of paralegal time, and costs.
Attorney Daniel Seff's time is calculated at a billable rate of
$350 per hour in 2022 (11.10 hours), and $365 per hour in 2023
(125.10 hours).  The paralegal is billed at $125 per hour (3
hours at a 2023 rate).  Plaintiffs also seek reimbursement for

incidentals, including fees for Westlaw legal research and language interpreter services, in the amount of $1,158.70.

In determining the first component of the lodestar -- the number of hours reasonably expended -- the Court may exclude hours that are "excessive, redundant, or otherwise unnecessary." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (citation omitted). The Court also "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* The other component of the lodestar -- the reasonable hourly rate -- "is the rate a paying client would be willing to pay," *Arbor Hill*, 522 F.3d at 190, after "considering all pertinent factors, including the *Johnson* factors," *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (referencing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).[1] "[A]ttorney's fees are to be awarded with an eye to moderation,

---

[1] The *Johnson* factors include: "[t]he time and labor required"; "[t]he novelty and difficulty of the questions"; "[t]he skill requisite to perform the legal service properly"; "[t]he preclusion of other employment by the attorney due to acceptance of the case"; "[t]he customary fee"; "[w]hether the fee is fixed or contingent"; "[t]ime limits imposed by the client or the circumstances"; "[t]he amount involved and the results obtained"; the experience, reputation, and skill of the attorneys; whether the case is undesirable and may not be "pleasantly received by the community" or the attorney's contemporaries; "[t]he nature and length of the professional relationship with the client"; and "[a]wards in similar cases." 488 F.2d at 717-19.

seeking to avoid either the reality or the appearance of awarding windfall fees." *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 266 (2d Cir. 2014) (internal quotation marks and citation omitted).

Here, the Court acknowledges the significant amount of time this case has required, in part because of Ms. Conn's conduct as described in the Opinion and Order granting the Plaintiffs' motions. The Court also notes that counsel's accounting includes over 50 hours related to preparations for a hearing on damages. While those preparations were within the scope of the Court's order, as proof of damages was required to secure a default judgment, the Court finds that over one full week of preparation was mildly excessive. The Court also views certain communications, such as talks with Ms. Conn's former counsel regarding his possible re-entry into the case and settlement, as outside the scope of its order. The Court will therefore reduce the amount billed by 20 hours, resulting in a total of 116.2 hours of attorney time.

With respect to the billable rate, recent case law in this district is instructive. In *Degreenia-Harris v. Life Ins. Co. of N. Am.*, No. 2:19-CV-00218, 2021 WL 5979683, at *11 (D. Vt. Dec. 17, 2021), two Vermont attorneys sought fees of between $400 and $450 for the first attorney, and between $350 and $400 for the second. The court agreed with an expert witness that

4

such fees "are on the high end of what the Vermont market will bear and are reserved for cases with complex issues." *Degreenia-Harris*, 2021 WL 5979683, at *10.  Although that case involved the "distinct practice area" of ERISA litigation, the Court found that it required only "a competent lawyer with knowledge of ERISA benefits litigation" and reduced the fee rates to $275 and $225, respectively.  *Id.* at *10-*11.

This case involves broad tort claims, and does not require the sort of specialization seen in ERISA litigation.  *See Arbor Hill*, 522 F.3d at 190 (court must consider "the complexity and difficulty of the case").  Furthermore, the amount a client will pay may be evidence of a reasonable fee but is not dispositive. *See Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) ("[T]he actual billing arrangement is a significant, though not necessarily controlling, factor in determining what fee is 'reasonable.'").  The questions presented in this case are not novel, and there have been no significant time limitations.  *Id.* at 186 n.3 (citing *Johnson* factors).  Counsel's experience and reputation is not in evidence, nor is counsel's relationship with the client.  *Id.*

In sum, nothing before the Court supports a fee approaching the "high end" for the Vermont market.  Accordingly, following the lead of Judge Reiss's well-reasoned opinion in *Degreenia-Harris*, the Court will reduce counsel's fee to $225 per hour.

The Court makes no changes to the paralegal billing rate, or to the costs asserted.

Pursuant to the Opinion and Order issued on June 6, 2023, Defendant must pay Plaintiffs' fees and costs in the amount of $27,678.70.  As the Court ordered previously, Ms. Conn has 30 days from the date of this Opinion and Order in which to pay the awarded fees and costs.  A payment plan to which all parties agree will be allowed.  Failure to comply with this Opinion and Order may result in additional sanctions, including the entry of another default and default judgment.

DATED at Burlington, in the District of Vermont, this 17th day of August, 2023.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge