UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

---------------------------------------------------------
JOHNNY HA, JENNY PHAM a/k/a            )
JENNY HA, and HELEN LE,                )
                                       )
        *Plaintiffs*,                      )
                                       )
        v.                                )    Civil Action No. 2:20-cv-155-wks
                                       )
TINA CONN,                             )
                                       )
        *Defendant*.                      )
---------------------------------------------------------

**PLAINTIFFS' RESPONSE TO ATTORNEY JUSTIN SHERMAN'S MOTION TO WITHDRAW**

Plaintiffs Johnny Ha Jenny Pham (also known as Jenny Ha) and Helen Le, collectively "Plaintiffs," by and through their undersigned counsel, hereby respond to Attorney Justin Sherman's February 26, 2024 Motion to Withdraw as counsel for Defendant Tina Conn (ECF No. 109). Plaintiffs state respectfully as follows:

**MEMORANDUM OF LAW**

    A.    **Plaintiffs Do Not Oppose Mr. Sherman's Motion.**

Plaintiffs do not oppose Mr. Sherman's Motion to Withdraw, as Ms. Conn has a statutory right to represent herself. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); and O'Reilly v. New York Times Co., 692 F.2d 863, 867 (2d Cir. 1982) (the statutory right to self-representation is "unqualified" if invoked prior to trial). O'Reilly and § 1654 are cited with approval in Gilmore v. Fitzmaurice, 833 F. App'x 826, 827 n.1 (2d Cir. 2020) (Summary Order).

Of course, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom" or "a license not to comply with relevant rules of procedural and substantive law."

Sawyer v. Langdon, No. 9:14-CV-1198 (DNH/DEP), 2019 WL 1396976, at *2 (N.D.N.Y. Mar. 28, 2019) (quoting Faretta v. California, 422 U.S. 806, 834 n.46 (1975)).

### B. Ms. Conn Must Clearly and Unequivocally Discharge Mr. Sherman.

In this Circuit, "a party seeking to assert [her] statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained." Gilmore, 833 F. App'x at 827 (internal quotes and footnote omitted). It appears from Mr. Sherman's Motion to Withdraw and Ms. Conn's Notice of Pro Se Appearance (ECF No. 109, at 2) that he may have been clearly and unequivocally discharged. Nevertheless, so that there is no doubt, Plaintiffs respectfully request that this Court direct Mr. Sherman or Ms. Conn to file papers demonstrating that he has been clearly and unequivocally discharged.

### C. This Court Should Order Ms. Conn to Provide a Current Phone Number.

On Ms. Conn's Notice of Pro Se Appearance, she conspicuously did not provide a phone number. See ECF No. 109, at 2. A phone number is required for self-represented litigants. See Fed. R. Civ. P. 11(a) (all court filings must include, inter alia, the filer's phone number); and Local Rule 11(c) ("An attorney or pro se party must notify the court of any change of address or telephone number"). Accordingly, as a condition of being allowed to represent herself, Plaintiffs respectfully submit that Ms. Conn should be required to provide the Court and Plaintiffs with a current phone number. And if Ms. Conn claims she does not have a phone, Plaintiffs would respectfully request that she be required to make this assertion under oath.

### D. This Court Should Order Ms. Conn to Provide a Current E-Mail Address.

An e-mail address is required for self-represented litigants. See Fed. R. Civ. P. 11(a) (all court filings must include, inter alia, the filer's e-mail address); Thomas v. United States Prob. Off., No. 2:23-CV-312-ECM-SMD, 2024 WL 629974, at *1 (M.D. Ala. Jan. 2, 2024) (noting that "pro se litigants have an obligation to keep the Court informed of their correct address and

contact information," including their e-mail address, and recommending that plaintiff's case be dismissed for, inter alia, failing to update his contact information) (citing Rule 11(a)), rep. and rec. adopted, No. 2:23-CV-312-ECM, 2024 WL 627991 (M.D. Ala. Feb. 14, 2024); and Perry-Bey v. Trump, No. 1:23-cv-1165 (LMB/IDD), 2023 WL 9051260, at *1 (E.D. Va. Dec. 29, 2023) (self-represented "plaintiff Perry-Bey has not included his email address and telephone number on his filings, as required by Rule 11(a)—an omission that prevents defendants from communicating with him in a timely manner to resolve issues without involvement of the Court").

When Ms. Conn's prior attorney moved to withdraw, he certified that he e-mailed his withdrawal Motion to Ms. Conn at the following email address: ronconn49@yahoo.com. See ECF No. 23-1 (Sept. 24, 2021). In response to an e-mail that Plaintiffs' undersigned counsel sent Ms. Conn on March 22, 2022, counsel received a reply e-mail from this same email address later that day, which was months after Ms. Conn's ex-husband, Mr. Ronald Conn, passed away. See Decl. of Daniel A. Seff (ECF No. 73-1), at ¶¶ 10-12 (Feb. 22, 2023) and Ex. B thereto (ECF No. 73-3). As such, Ms. Conn – who is extremely tech-savvy, as demonstrated in part by her countless livestream videos – cannot seriously contend she does not use e-mail.

Accordingly, as a condition of being allowed to represent herself, Plaintiffs respectfully submit that Ms. Conn should be required to provide the Court and Plaintiffs with a current e-mail address. See Fed. R. Civ. P. 11(a). And if Ms. Conn claims she does not use e-mail, Plaintiffs would respectfully request that she be required to make this assertion under oath.[1]

---

[1] Plaintiffs are not suggesting that Ms. Conn be required to sign up for CM/ECF or agree to accept service of Court filings via e-mail, both of which are optional in this District.

**CONCLUSION**

Plaintiffs do not oppose Mr. Sherman's Motion to Withdraw. As conditions of being permitted to represent herself, Plaintiffs respectfully request that this Court direct Ms. Conn or Mr. Sherman to file papers demonstrating that he has been clearly and unequivocally discharged. In addition, as conditions of being permitted to represent herself, Plaintiffs respectfully request that this Court direct Ms. Conn to provide the Court and Plaintiffs with a current phone number and e-mail address. If Ms. Conn claims she does not have a phone and/or use e-mail, Plaintiffs would respectfully request that she be required to make this assertion under oath.

Dated: February 26, 2024
      Burlington, Vermont

Respectfully submitted,

MSK ATTORNEYS

By: /s/ *Daniel A. Seff*
    Daniel A. Seff

275 College Street
P.O. Box 4485
Burlington, VT 05406-4485
Phone: (802) 861-7000 (ext. 1190)
Fax: (802) 861-7007
Email: dseff@mskvt.com

*Attorneys for Plaintiffs Johnny Ha, Jenny Pham (a/k/a Jenny Ha) and Helen Le*