```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Johnny Ha, Jenny Pham           )
a/k/a Jenny Ha, and Helen       )
Le,                             )
                                )
        Plaintiffs,             )
                                )
    v.                          )    Case No. 2:20-cv-155
                                )
Tina Conn,                      )
                                )
        Defendant.              )
```

**OPINION AND ORDER**

Plaintiffs bring this action alleging that Defendant Tina Conn defamed them by publicly accusing them of "criminal offenses involving moral turpitude." ECF No. 13 at 29. Ms. Conn has also allegedly posted intimidating and harassing videos "motivated by ethnic, racial, religious and gender animosity." *Id.* at 30. For relief, Plaintiffs seek compensatory damages, punitive damages, injunctive relief, and attorney's fees.

Throughout the course of this case, Ms. Conn, whose native language is Vietnamese, has represented to the Court that she is not proficient in English and does not understand much of what is said in the courtroom. As a result, the Court has allowed interpreters to provide translation services during several court proceedings. With a trial date approaching and Ms. Conn currently representing herself, Plaintiffs contest her assertion that she speaks only limited English.

    To resolve the question of Ms. Conn's English language proficiency, and correspondingly her ability to move forward in this litigation, the Court held an evidentiary hearing on April 1, 2024.  Plaintiffs presented four witnesses, each of whom have interacted with Ms. Conn personally on a number of occasions.  Three witnesses were past clients of Ms. Conn's nail salon.  Each testified that they held conversations with Ms. Conn, frequently exceeding one hour, exclusively in English.  Topics of conversation included family life, Ms. Conn's immigration experience, and cultural differences between Vietnam and the United States.  A fourth witness, who has reportedly known Ms. Conn for 30 years beginning with Ms. Conn's immigration to the United States in the early 1990s, testified that Ms. Conn's English has improved since her arrival in this country.  The witness noted that Ms. Conn's English proficiency improved most noticeably after she married an American over 20 years ago.

    Ms. Conn did not cross-examine any of Plaintiffs' witnesses, claiming that the language barrier was too difficult.  She did present two witnesses, each of whom testified that Ms. Conn is able to manage personally and professionally in English, but does not always understand the language and, in particular, the legal process.

    Based upon the testimony presented at the hearing, the Court concluded that Ms. Conn understands enough English to

proceed with this case.  The Court also found that her assertions of a severe language barrier were not entirely credible.  This latter finding was supported not only by the witness testimony, but also by evidence in the record, including a report of Ms. Conn stating on Facebook Live that "if you have to go to court, do not worry, just tell the court you do not speak English."  ECF No. 49-1 at 3, ¶ 11 (Declaration of Johnny Ha).

Accordingly, it is hereby ORDERED that this case will move forward and that a June 2024 trial date will be set forthwith. The Court recommends that Ms. Conn hire an attorney to represent her, and will allow an interpreter to be present at any and all future court proceedings, including trial, at Ms. Conn's expense.

DATED at Burlington, in the District of Vermont, this 2nd day of April, 2024.

/s/ William K. Sessions III  
William K. Sessions III  
U.S. District Court Judge