UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

------------------------------------------------------
JOHNNY HA, JENNY PHAM a/k/a    )
JENNY HA, and HELEN LE,         )
                                        )
                *Plaintiffs*,       )
                                        )
           v.                  )     Civil Action No. 2:20-cv-155-wks
                                        )
TINA CONN,                  )
                                        )
               *Defendant*.     )
------------------------------------------------------

### PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S UNSIGNED DISCOVERY RESPONSES, TO HAVE MATTERS DEEMED ADMITTED, FOR DISCOVERY SANCTIONS, FOR CONTEMPT SANCTIONS, AND FOR ENTRY OF DEFAULT AND A DEFAULT JUDGMENT AGAINST DEFENDANT TINA CONN

Plaintiffs Johnny Ha, Jenny Pham a/k/a Jenny Ha and Helen Le (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby move pursuant to Rules 26(g)(1)-(2), 36(a)(3) and 37(b) of the Federal Rules of Civil Procedure to strike Defendant Tina Conn's unsigned discovery responses, to have matters deemed admitted, and for discovery sanctions against Ms. Conn for failing to serve answers to interrogatories and failing to respond to document requests.  In addition, Plaintiffs hereby move for entry of default, a default judgment and contempt sanctions based on Ms. Conn's willful violation of this Court's Opinion and Order dated June 6, 2023 (ECF No. 93) commanding her to produce discovery to Plaintiffs within 30 days.  Moreover, Plaintiffs move for an order requiring Ms. Conn to pay their reasonable expenses, including attorney's fees, caused by her failure to comply with the June 6, 2023 Opinion and Order, including the attorney's fees incurred in connection with this Motion (*see* Fed. R. Civ. P. 37(b)(2)(C)).

This Motion is based on the following Memorandum of Law, the accompanying Declaration of Daniel A. Seff and Exhibits A to K thereto.  The Seff Declaration contains (at ¶¶ 79-80) the certifications specified by Federal Rules 37(a)(1) and 37(d)(1)(B) and Local Rule 26(c)(1).  Plaintiffs state respectfully as follows:[1]

## MEMORANDUM OF LAW

### INTRODUCTION AND FACTUAL BACKGROUND

The facts relevant to this Motion are set out in the accompanying Seff Declaration.  Briefly summarized, on July 2, 2021, Plaintiffs served Interrogatories, Document Requests and Requests For Admission on Ms. Conn's then-counsel (Seff Decl. ¶¶ 3-5, and Exs. A to C thereto).  For months, Plaintiffs attempted in vain to get Ms. Conn to respond to their discovery requests (Seff Decl. ¶¶ 8-13 and Exs. D and E thereto).  On September 23, 2022, Plaintiffs filed and served a Motion to Compel Overdue Discovery Responses and for Rule 37 Discovery Sanctions Against Defendant Tina Conn (ECF No. 62) (the "2022 Discovery Motion").  *See* Seff

---

[1] In situations where, as here, a party is in violation of a Court order, "[t]he [Local Rule] requirement of consultation and conferring is simply not applicable" to a motion seeking sanctions for noncompliance. *Lapinsky v. Copley Hosp., Inc.*, No. 1:05-CV-34, slip op. at 6 n.3 (D. Vt. Oct. 13, 2006) (Niedermeier, M.J.) (ECF No. 82).  *See also Amatangelo v. Nat'l Grid USA Serv. Co.*, No. 04-CV-246S(F), 2007 WL 4560666, at *6 (W.D.N.Y. Dec. 18, 2007) ("A party is not required to meet and confer or make a good faith certification when moving for sanctions for failure to comply with a prior Order which already granted a motion to compel.") (construing the functionally identical WDNY Local Rule 37 and citing cases); and *Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, 15-cv-2926 (DRH)(SIL), 2019 WL 5694256, at *5 (E.D.N.Y. July 22, 2019) (same) (quoting *Amatangelo*, 2007 WL 4560666, at *6), *rep. and rec. adopted*, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020).  *Cf. IBM Corp. v. Tokyo Electron Am., Inc.*, No. 2:04-CV-260, 2005 WL 6133903, at *8 (D. Vt. Oct. 5, 2005) (Sessions, C.J.) ("The Second Circuit has considered and rejected the notion that the sanction of dismissal cannot be invoked until the offending party has first been given a warning and a chance to reform its behavior.") (discussing *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991)).  Nevertheless, Plaintiffs' counsel attempted, over a period of months, to resolve the discovery issues without resorting to motion practice.  *See* Seff Decl. ¶¶ 55, 63-68, 71-76 and Exs. J and K thereto.

Decl. ¶ 14.  Ms. Conn did not oppose or otherwise respond to the 2022 Discovery Motion (Seff Decl. ¶¶ 15-17).

On June 6, 2023, this Court issued an *Opinion and Order* (ECF No. 93) *granting* Plaintiffs' 2022 Discovery Motion (ECF No. 62).  *See* Seff Decl. ¶ 38.  Therein, this Court ordered Ms. Conn to respond to Plaintiffs' July 2021 discovery requests within 30 days, *e.g.*, by July 6, 2023.  *See* ECF No. 93, at 11-12; and Seff Decl. ¶¶ 41, 43.

On July 6, 2023, Ms. Conn, who was represented by counsel at the time, served three sets of *unsigned* discovery responses (Seff Decl. ¶¶ 44-45 and Exs. G, H and I thereto) (the "Unsigned Discovery Responses").  On multiple occasions over a period of months, Ms. Conn's then-counsel acknowledged that Ms. Conn's discovery responses were unsigned and provided assurances to Plaintiffs' counsel that this defect would be remedied (*see* Seff Decl. ¶¶ 44, 46, 68).

On November 21, 2023, this Court issued the Second Amended Stipulated Discovery Schedule/Order, setting a pretrial motion deadline of May 31, 2024 and an August 5, 2024 trial-ready date.  *See* ECF No. 107, at ¶¶ 14-15; and Seff Decl. ¶ 61.

On January 8, 2024, Plaintiffs' counsel sent a 13-page letter to Ms. Conn's then-counsel detailing numerous problems with her Unsigned Discovery Responses (Seff Decl. ¶¶ 63-65 and Ex. J thereto) (the "January 8th Letter").  In this January 8th Letter, Plaintiffs' counsel discusses in detail why Ms. Conn's Unsigned Discovery Responses are improper, violate the Federal Rules of Civil Procedure, and are legal nullities that will be stricken if not signed promptly (Seff Decl. ¶ 64 and Ex. J thereto, at 2-4 (citing Rules and authorities)).

On February 8, 2024, Plaintiffs' counsel and Ms. Conn's then-counsel spoke by phone concerning the January 8th Letter. During this call, Ms. Conn's then-counsel assured Plaintiffs'

counsel he was working on updated discovery responses and a supplemental document production, and he said Plaintiffs' counsel should receive them "soon" (Seff Decl. ¶ 68).

On February 26, 2024, without advance notice to Plaintiffs' counsel, Ms. Conn's then-counsel filed his Motion to Withdraw and Ms. Conn's Notice of Pro Se Appearance (ECF No. 109). (These two documents were later separated as ECF Nos. 112 and 112-1, respectively.) *See also* Seff Decl. ¶ 69.

Following a March 4, 2024 hearing on and granting of her then-counsel's Motion to Withdraw, Ms. Conn began representing herself once again (*see* ECF No. 113; and Seff Decl. ¶¶ 70-71).

On March 5, 2024, with her former counsel having withdrawn without addressing the matters identified in the January 8th Letter, Plaintiffs' counsel sent a letter directly to Ms. Conn enclosing a copy of his January 8th Letter to her former counsel (Seff Decl. ¶ 71 and Ex. K thereto (the "March 5th Letter")). Therein, Plaintiffs' counsel wrote to Ms. Conn in part as follows:

> Given the fast track to trial that this case is on, as well as the fact that Plaintiffs plan to take your deposition by the end of April, please provide to me the discovery responses and documents requested in my January 8th letter as soon as possible, and in any event **no later than <u>March 20, 2024</u>**. In the meantime, Plaintiffs reserve all rights and remedies. Thanks in advance.

Seff Decl. ¶ 71 and Ex. K thereto (emphasis in the original).

Ms. Conn never responded to the March 5th Letter, and the Letter was not returned to Plaintiffs' counsel as undeliverable, refused or otherwise (Seff Decl. ¶¶ 72-73).

<u>S</u>TANDARDS OF <u>R</u>EVIEW

A.      <u>Rule 26(g)(1)-(2).</u>

Rule 26(g)(1) mandates that "every discovery request, response or objection **must be signed** by at least one attorney of record in the matter in the attorney's own name – or by the party personally, if unrepresented…."  *See* Fed. R. Civ. P. 26(g)(1) (emphasis added).  As such, "[o]ther parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and **the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention**."  Fed. R. Civ. P. 26(g)(2) (emphasis added).

B.      <u>Rule 36(a)(3).</u>

Rule 36(a)(3) commands that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and **signed by the party or its attorney**."  Fed. R. Civ. P. 36(a)(3) (emphasis added).

C.      <u>Rule 37(b).</u>

Rule 37(b) of the Federal Rules of Civil Procedure provides in part that if a party fails to obey an order to provide or permit discovery, the Court "may issue further just orders," including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) **rendering a default judgment against the disobedient party**; or

(vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) (emphasis added).

### D.   <u>Contempt.</u>

Pursuant to statute, this Court has the "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority," including "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). *See also Spallone v. United States*, 493 U.S. 265, 276 (1990) ("courts have inherent power to enforce compliance with their lawful orders through civil contempt") (internal quotes omitted), quoted with approval in *Absolute Nevada, LLC v. Baer*, No. 21-50-CV, 2022 WL 350255, at *2, slip op. at 7 (2d Cir. Feb. 7, 2022) (Summary Order).

Civil contempt "may be imposed for failure to comply with an order of the court if that order is clear and unambiguous, the proof of noncompliance is clear and convincing, and the contemnor has not been reasonably diligent in attempting to comply with the order." *Baer*, 2022 WL 350255, at *2, slip op. at 7 (citing *EEOC v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996)). *See also CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016) ("A court may hold a party in contempt if (1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner.").

The amount of the fine for noncompliance with a court order is "left to the informed discretion of the district court." *Baer*, 2022 WL 350255, at *3, slip op. at 9 (quoting *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989)).  When setting the fine, courts consider "'the character and magnitude of the harm threatened by continued contumacy,' 'the probable effectiveness of any suggested sanction' in achieving compliance, and the contemnor's financial resources." *Baer*, 2022 WL 350255, at *3, slip op. at 9 (quoting *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 658 (2d Cir. 2004) (internal quotation marks omitted in *Baer*)).

Failure to obey a discovery order is punishable as contempt of court.  *See* Fed. R. Civ. P. 37(b)(2)(A)(vii) (quoted above).  *See generally In re Markus*, 78 F.4th 554, 570 (2d Cir. 2023) (affirming contempt sanction for violation of discovery order); and *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (same).

## LEGAL ARGUMENT

### POINT I

#### THIS COURT SHOULD STRIKE MS. CONN'S UNSIGNED DISCOVERY RESPONSES.

The signature line of Ms. Conn's Interrogatory Responses dated July 6, 2023 is blank (Seff Decl. Ex. H, at 9):

> DATED at Burlington, Vermont this 6[th] day of July, 2023.
>
> _____
>
> Tina Conn

Even if Ms. Conn had signed this generic signature block, it would have been inadequate and improper, as interrogatories must be answered "under oath."  Fed. R. Civ. P. 33(b)(3).  *See*

*generally In re World Trade Center Disaster Site Litig.*, 722 F.3d 483, 485 (2d Cir. 2013) (if the signature is not under oath, it does not satisfy Rule 33(b)).

The signature line on Ms. Conn's July 6, 2023 Responses to Plaintiffs' Requests for Admission is blank, as well (Seff Decl. G, at 31):

DATED at Burlington, Vermont this 6th day of July, 2023.

_____

Tina Conn

Moreover, Ms. Conn did not sign her July 6, 2023 Responses to Plaintiffs' Requests for the Production of Documents.  Here is the unsigned signature block for those Responses (Seff Decl. Ex. I, at 57):

DATED at Burlington, Vermont this 6th day of July, 2023.

_____

Tina Conn

The lack of a signature on Ms. Conn's Responses to Plaintiffs' Requests for Admission and Plaintiffs' Requests for the Production of Documents is improper, as well.  *See* Fed. R. Civ. P. 26(g)(1) ("every discovery request, response or objection **must be signed by at least one attorney of record in the matter in the attorney's own name** – or by the party personally, if unrepresented….") (emphasis added).

Signing discovery responses is no mere formality.  "By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" that the response is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B)(i)-(iii).

"Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and **the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention**."  Fed. R. Civ. P. 26(g)(2) (emphasis added).

Ms. Conn's then-counsel knew of the lack of signatures on the Unsigned Discovery Responses on July 6, 2023, which is the date the Responses were served.  *See* Seff Decl. ¶ 44 and Ex. F thereto ("Please note that we are still working on getting Tina's signature and it will likely be early next week").  Her counsel acknowledged the missing signatures again in a July 19, 2023 email message to Plaintiffs' counsel.  *See* ECF No. 98-2, at 4 ("We also owe you her signature for the discovery, which has similarly been delayed.").  *See also* Seff Decl. ¶ 46 (quoting same).

Plaintiffs' counsel reminded Ms. Conn's then-counsel of the missing signatures in an October 17, 2023 Court filing.  *See* Seff Decl. ¶ 55 (quoting ECF No. 100, at 8).  On January 8, 2024, Plaintiffs' counsel sent a letter to Ms. Conn's then-counsel and explained why the Unsigned Discovery Responses are improper, violate the Federal Rules of Civil Procedure, and are legal nullities that will be stricken if not signed promptly.  *See* Seff Decl. ¶ 64 and Ex. J thereto, at 2-4 (citing Rules and authorities).

During a February 8, 2024 phone call, Ms. Conn's then-counsel assured Plaintiffs'

counsel he was working on updated discovery responses (Seff Decl. ¶ 68).  But on February 26,

2024, without advance notice to Plaintiffs' counsel, Ms. Conn's then-counsel filed a Motion to

Withdraw together with Ms. Conn's Notice of Pro Se Appearance (Seff Decl. ¶ 69 and ECF Nos.

109, 112 and 112-1).  This Court granted counsel's Motion to Withdraw on March 4, 2024 (ECF

No. 113; and Seff Decl. ¶ 70).

Prior to her then-counsel's withdrawal, counsel – as opposed to Ms. Conn – was required

to sign the Responses to the Requests for Admission and the Requests to Produce.  *See* Fed. R.

Civ. P. 26(g)(1) (discovery responses must be signed by attorney of record or "by the party

personally, **if unrepresented**") (emphasis added).  After her counsel withdrew, signing the

Responses to the Requests for Admission and the Requests to Produce became Ms. Conn's

responsibility.  *Id.*  At all times, Ms. Conn was responsible for signing the Responses to the

Interrogatories under oath.  *See* Fed. R. Civ. P. 33(b)(1)(A) and 33(b)(3).

On March 5, 2024, Plaintiffs' counsel wrote directly to Ms. Conn and asked her to

address the issues detailed in the January 8th Letter by March 20, 2024 (Seff Decl. ¶ 71 and Ex.

K thereto).  Ms. Conn never responded to the March 5th Letter (Seff Decl. ¶¶ 72-73).

In sum, this Court should strike Ms. Conn's Unsigned Discovery Responses (Seff Decl.

Exs. G, H and I).  *See* Fed. R. Civ. P. 26(g)(2) (quoted above).

### POINT II

### PLAINTIFFS' REQUESTS FOR ADMISSION SHOULD BE DEEMED ADMITTED.

As explained above in Point I, Ms. Conn's unsigned Responses to Plaintiffs' Requests for

Admission (Seff Decl. Ex. G) should be stricken for violating Rule 26(g)(1)-(2).  Having failed

to respond to Plaintiffs' Requests for Admission (Seff Decl. Ex. C), the Requests should be

deemed admitted.  *See* Fed. R. Civ. P. 36(a)(3) (quoted above); and *Ha v. Conn*, ECF No. 66, at

7 (D. Vt. Jan. 19, 2023) ("By rule, failure to respond to such requests results in those matters

being deemed admitted."), *vacated pursuant to* ECF No. 93 (D. Vt. June 6, 2023).

The fact that Ms. Conn provided *unsigned* Responses does not affect Rule 36(a)(3)'s

'deemed admitted' sanction.  *See*, *e.g.*, *Bank One, N.A. v. Streeter*, No. 2:04-CV-139-RL, 2005

WL 8170069, at *2 (N.D. Ind. Sept. 29, 2005) (requests for admission deemed admitted where

responses were unsigned); *Fireman's Ins. Co. of Newark v. Herbert*, No. CIV.A. 4:04CV139,

2005 WL 3536091, at *3 (E.D. Va. Dec. 20, 2005) (same); and *Hayes v. City of Brooklyn Park*,

No. 04-196 ADM/JSM, 2005 WL 1041494, at *4, *6 (D. Minn. May 4, 2005) (same).  *Cf.*

*United States v. Klimek*, 952 F. Supp. 1100, 1103 n.1 (E.D. Pa. 1997) (matters in the

government's requests for admissions were deemed admitted where tax protestor returned them

unsigned and marked, "Refused for Fraud"); *In re Estate of Herring*, 970 S.W.2d 583, 588 (Tex.

App. 1998) ("unsigned response amounts to a failure to respond for purposes of deeming

admissions") (interpreting Tex. R. Civ. P. 169(1), which is procedurally analogous to Federal

Rule 36); and *Sandler v. Gossick*, 622 N.E.2d 389, 393 (Ohio Ct. App. 1993) (late and unsigned

responses properly deemed admitted) (interpreting Ohio R. Civ. P. 36, which is procedurally

analogous to Federal Rule 36).

The case for deeming admitted Plaintiffs' Requests for Admission is particularly strong

given the following facts:

- In September 2022, Plaintiffs were forced to move to compel discovery responses and therein sought deemed admissions (ECF No. 62);

- In January 2023, this Court held that Plaintiffs' Requests for Admission were deemed admitted (ECF No. 66, at 7);

- In June 2023, this Court vacated its January 2023 ruling and gave Ms. Conn another chance – this time while she was represented by counsel – to respond to the Requests for Admission within 30 days (ECF No. 93, at 11);

- Ms. Conn's then-counsel was responsible for signing her Responses to the Requests for Admission (*see* Fed. R. Civ. P. 26(g)(1), discussed above in Point I) and he failed to do so between July 2023, when he served the Unsigned Discovery Requests, and his March 2024 withdrawal despite his knowledge that the Responses were unsigned and that a signature was required (*see* Seff Decl. ¶¶ 44, 46, 55, 63-64, 68 and Exs. F and J thereto); *see also* ECF No. 98-2 ("We also owe you her signature for the discovery….") (July 19, 2023 email from J. Sherman to D. Seff);

- Once she started representing herself again in early March 2024, Ms. Conn – who presumably was on notice from her former attorney that the Unsigned Discovery Responses needed to be signed – had yet another opportunity to correct the lack-of-signature defect and she failed to do so (*see* Seff Decl. ¶¶ 71-76 and Ex. K thereto).

In short, Plaintiffs' Requests for Admission (Seff Decl. Ex. C) should be deemed admitted.

## POINT III

### THIS COURT SHOULD ORDER DISCOVERY SANCTIONS AGAINST MS. CONN FOR VIOLATING THIS COURT'S JUNE 6, 2023 OPINION AND ORDER COMPELLING HER TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS WITHIN 30 DAYS, INCLUDING ENTRY OF DEFAULT AND A DEFAULT JUDGMENT, AS WELL AS CONTEMPT SANCTIONS.

Ms. Conn's willful misconduct in this case is well-documented. As this Court found in January 2023, "[a]t this point in the litigation, Ms. Conn's conduct is clearly willful." *Ha v. Conn*, ECF No. 66, at 8 (D. Vt. Jan. 19, 2023), *vacated pursuant to* ECF No. 93 (D. Vt. June 6, 2023). This Court gave Ms. Conn the benefit of any doubts when it vacated its January 19, 2023 Opinion and Order. *See*, *e.g.*, ECF No. 93, at 5 ("Ms. Conn may indeed experience a language barrier"). However, subsequent evidence establishes that Ms. Conn misrepresented her English language abilities (*see* ECF No. 116, *quoted in* Seff Decl. ¶ 77).

On the discovery front, , there is no doubt that Ms. Conn's misconduct is willful. Her former attorney and she have had since June 6, 2023 to provide signed discovery responses in order to comply with this Court's ruling (ECF No. 93) on Plaintiffs' Motion to Compel (ECF No. 62). Their months-long failure to do so can only be described as willful.

Plaintiffs submit respectfully that the appropriate sanctions should include the entry of default, a default judgment, and contempt. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi)-(vii); and *Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 39 (S.D.N.Y. 2019) (entering default judgment against defendant pursuant to Rule 37(b)(2)(A)(vi)).

## POINT IV

### THIS COURT SHOULD ORDER MS. CONN TO PAY PLAINTIFFS THEIR REASONABLE EXPENSES, INCLUDING ATTORNEY'S FEES, CAUSED BY HER FAILURE TO COMPLY WITH THIS COURT'S JUNE 6, 2023 OPINION AND ORDER COMPELLING HER TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS WITHIN 30 DAYS.

Rule 37 requires the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure to produce discovery *unless* the failure was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(C). In the instant case, Ms. Conn's failure to comply with this Court's June 6, 2023 Opinion and Order (ECF No. 93) is not justified, and there are no circumstances which would make an award of expenses unjust. Accordingly, this Court should order Ms. Conn to pay Plaintiffs their reasonable expenses caused by her failure to comply with the June 6, 2023 Opinion and Order, including the attorney's fees incurred in connection with this Motion.

<u>CONCLUSION</u>

For the reasons stated above, Plaintiffs request respectfully that this Court:

A.      Strike Ms. Conn's Unsigned Discovery Responses;

B.      Order that Plaintiffs' Requests for Admission are deemed admitted;

C.      Order discovery sanctions against Ms. Conn for failing to comply with this Court's June 6, 2023 Opinion and Order, including the entry of default, a default judgment, and contempt;

D.      Order Ms. Conn to pay Plaintiffs their reasonable expenses caused by her failure to comply with this Court's June 6, 2023 Opinion and Order, including the attorney's fees incurred in connection with this Motion;

E.      Order such other relief which the Court deems just and proper.


Dated: April 10, 2024
       Burlington, Vermont                    Respectfully submitted,

                                              MSK ATTORNEYS

                                    By:   /s/ *Daniel A. Seff*
                                          Daniel A. Seff

                                          275 College Street
                                          P.O. Box 4485
                                          Burlington, VT 05406-4485
                                          Phone: (802) 861-7000 (ext. 1190)
                                          Fax: (802) 861-7007
                                          Email: dseff@mskvt.com

                                          *Attorneys for Plaintiffs Johnny Ha, Jenny Pham*
                                          *(a/k/a Jenny Ha) and Helen Le*