# EXHIBIT J



January 8, 2024

*Via Electronic Mail and*
*USPS First-Class Mail*

Justin G. Sherman, Esq.
Langrock Sperry & Wool, LLP
210 College Street
Suite 400
Burlington, VT 05401
Email: jsherman@langrock.com

Re:   <u>Johnny Ha, et al. v. Tina Conn</u>, Civil Action No. 2:20-cv-155-wks

Dear Justin:

I write pursuant to Local Rule 26(c)(1) in a good-faith effort to reduce or eliminate a discovery controversy and/or arrive at a mutually satisfactory resolution to a discovery controversy.

A.   **Historical Background.**

On July 2, 2021, I served Defendant Tina Conn's then-counsel, Robert Kaplan, with the following discovery requests (collectively, "Plaintiffs' Discovery Requests"):

- Plaintiffs and Counterclaim Defendant's Requests for Admission to Defendant and Counterclaim Plaintiff Tina Conn;

- Plaintiffs and Counterclaim Defendant's Requests for the Production of Documents to Defendant and Counterclaim Plaintiff Tina Conn; and

- Plaintiffs and Counterclaim Defendant's Interrogatories to Defendant and Counterclaim Plaintiff Tina Conn.

<u>See</u> Discovery Certificate, ECF No. 18 (July 2, 2021).

Also on July 2, 2021, Mr. Kaplan served me with the following discovery requests (collectively, "Defendant's Discovery Requests"):

- Defendant/Counter-Plaintiff's First Interrogatories and Requests to Produce Documents and Things to Plaintiff Johnny Ha;

Letter to Justin G. Sherman, Esq.
Page 2 of 13
January 8, 2024

- Defendant/Counter-Plaintiff's First Interrogatories and Requests to Produce Documents and Things to Plaintiff Helen Le;

- Defendant/Counter-Plaintiff's First Interrogatories and Requests to Produce Documents and Things to Plaintiff/Counter-Defendant Jenny Pham;

- Defendant/Counter-Plaintiff's First Requests to Admit to Plaintiff/Counter-Defendant Jenny Pham; and

- Defendant/Counter-Plaintiff's First Requests to Admit to Plaintiff Johnny Ha.

See Certificate of Service, ECF No. 19 (July 6, 2021).

Depositions were scheduled for Tina Conn and Plaintiffs on October 4, 5 and 6, 2021, and Mr. Kaplan and I agreed to exchange written discovery prior to the beginning of the depositions. However, none of that happened, as Mr. Kaplan filed a Motion to Withdraw on September 24, 2021 (ECF No. 23) and he declined to produce written discovery or attend depositions.

After the Court granted Mr. Kaplan's Motion to Withdraw on November 5, 2021 (ECF No. 28), Ms. Conn was without counsel for an extended period of time.

On February 4, 2022, I sent Ms. Conn a letter asking her to confer with me about responding to Plaintiffs' Discovery Requests (ECF No. 62-6). She never responded to this letter or otherwise contacted me concerning it.

On August 26, 2022, I sent Ms. Conn a letter concerning her ongoing failure to respond to Plaintiffs' Discovery Requests (ECF No. 62-7). She never responded to this letter or otherwise contacted me concerning it.

On September 23, 2022, I filed Plaintiffs' Motion to Compel Overdue Discovery Responses and for Rule 37 Discovery Sanctions Against Tina Conn (ECF No. 62) (the "Motion to Compel"). Ms. Conn did not respond to the Motion to Compel.

On March 21, 2023, you entered an appearance for Ms. Conn (ECF No. 81).

The Court granted Plaintiffs' Motion to Compel on June 6, 2023. See Opinion and Order at 11-12 (June 6, 2023) (ECF No. 93). The Court ordered Ms. Conn to respond to Plaintiffs' Discovery Requests within 30 days, e.g., by July 6, 2023. Id., ECF No. 93 at 11.



Letter to Justin G. Sherman, Esq.
Page 3 of 13
January 8, 2024

In mid-June 2023, you and I discussed discovery. In light of Plaintiffs' Motion to Compel and the resulting June 6, 2023 Opinion and Order granting that Motion, we agreed that Ms. Conn would produce discovery first and that Plaintiffs would produce discovery after Ms. Conn's discovery production was complete. As you noted in your July 19, 2023 email to me, "we tabled the discussion about Plaintiffs' discovery responses until after … our [Defendant's] discovery responses."

On July 6, 2023, I received an email and four PDF attachments from LS&W Legal Assistant Kaylee Coyne. Her email stated as follows:

> Please find attached Defendant's Responses to Plaintiff's Requests for Admission to Tina Conn, Defendant's Responses to Plaintiffs' Interrogatories to Defendant Tina Conn, Defendant's Responses to Plaintiffs' Requests for Production of Documents to Defendant Tina Conn, bates stamped documents. **Please note that we are still working on getting Tina's signature and it will likely be early next week**.

Email from K. Coyne to D. Seff, July 6, 2023 (4:12 PM) (emphasis added).

B.  **Ms. Conn's Interrogatory Responses Are Not Signed Under Oath.**

The signature line on page 9 of Ms. Conn's Interrogatory Responses dated July 6, 2023 is blank:

DATED at Burlington, Vermont this 6th day of July, 2023.

_____
Tina Conn

Even if Ms. Conn signed the above-screenshotted generic signature block, it would have been inadequate and improper, as interrogatories must be answered "under oath." FED. R. CIV. P. 33(b)(3). See generally In re World Trade Center Disaster Site Litig., 722 F.3d 483, 485 (2d Cir. 2013) (if the signature is not under oath, it does not satisfy Rule 33(b)).

C.  **Ms. Conn's Responses to the Requests for Admission and the Requests to Produce Are Not Signed By Her Counsel.**

The signature line on page 31 of Ms. Conn's July 6, 2023 Responses to Plaintiffs' Requests for Admission is blank, as well:



Letter to Justin G. Sherman, Esq.
Page 4 of 13
January 8, 2024

    DATED at Burlington, Vermont this 6th day of July, 2023.



              Tina Conn

  Moreover, Ms. Conn did not sign the July 6, 2023 Responses to Plaintiffs' Requests for the Production of Documents. Here is her unsigned signature block from page 57 of those Responses:

    DATED at Burlington, Vermont this 6th day of July, 2023.

              Tina Conn

  The lack of a signature on Ms. Conn's Responses to Plaintiffs' Requests for Admission and Plaintiffs' Requests for the Production of Documents is improper. <u>See</u> FED. R. CIV. P. 26(g)(1) ("every discovery request, response or objection <u>must be signed by at least one attorney of record in the matter in the attorney's own name</u> – or by the party personally, if unrepresented….") (emphasis added).

  And as Rule 26(g)(1) makes clear, <u>you</u> must sign Ms. Conn's Responses to Plaintiffs' Requests for Admission <u>and</u> Plaintiffs' Requests for the Production of Documents. Your signature "constitutes a certification that to the best of [your] knowledge, information and belief, the document is complete and correct and is being served for proper purposes within the Rules." STEVEN BAICKER-MCKEE & WILLIAM M. JANSSEN, FEDERAL CIVIL RULES HANDBOOK 796 (2024). <u>See</u> generally FED. R. CIV. P. 26(g)(1)(B)(i)-(iii).

  Moreover, "[a]n attorney signing a discovery document must make a reasonable effort to assure that the client has provided all of the responsive documents and information." BAICKER-MCKEE & JANSSEN, <u>supra</u> at 797-98 (footnote omitted) (citing cases).

  "If without substantial justification a discovery disclosure, request, response, or objection is unsigned, the unsigned document will be stricken, no party will be obligated to respond to the unsigned document, and the attorney serving the unsigned discovery document may be subject to sanctions." BAICKER-MCKEE & JANSSEN, <u>supra</u> at 798 (footnotes omitted) (citing cases). <u>See also</u> FED. R. CIV. P. 26(g)(2) ("Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention").



275 College Street, PO Box 4485 | Burlington, VT 05406-4485 | phone 802 861-7000 | Fax 861-7007 | mskvt.com

**D.**     **Documents, Videos and Information Which Has Yet to Be Provided.**

In a July 19, 2023 email message to me, you wrote that "we are still gathering some documents, videos, and information that may be relevant to your discovery requests, but this might be slightly delayed given [Defendant's medical] treatment. We also owe you her signature for the discovery, which has similarly been delayed." ECF No. 98-2, at 4 (July 19, 2023 email from J. Sherman to D. Seff). I have not received <u>any</u> documents, videos or information from you since July 19, 2023. I highlighted this fact in an October 17, 2023 Court filing:

> As an initial matter, Defendant is not as pure discovery-wise as she would like this Court to believe. She claims in her Opposition memorandum that she responded to Plaintiffs' discovery requests within 30 days of this Court's June 6, 2023 Opinion and Order. <u>See</u> ECF No. 98, at 3. And yet, in a July 19, 2023 email that is part of Exhibit A to Defendant's counsel's October 3, 2023 Declaration, counsel admits that "we are still gathering some documents, videos, and information that may be relevant to your discovery requests, but this might be slightly delayed given [Defendant's medical] treatment. We also owe you her signature for the discovery, which has similarly been delayed." ECF No. 98-2, at 4 (July 19, 2023 email from J. Sherman to D. Seff). Three months later, Plaintiffs' counsel still has not received the "documents, videos, and information" or Defendant's signature page referenced in Defendant's counsel's July 19th email.

Plaintiffs' Reply Memorandum in Support of Their Motion For the Entry of Default, a Default Judgment and Civil Contempt Sanctions Against Defendant Tina Conn, at 8 (Oct. 17, 2023) (ECF No. 100).

**E.**     **Recap of Discovery Still Owed to Plaintiffs.**

To recap, at a minimum, Ms. Conn and you still owe Plaintiffs:

- Ms. Conn's Interrogatory Responses <u>signed by her under oath</u>;

- Ms. Conn's Responses to Plaintiffs' Requests for Admission <u>signed by you</u>;

- Ms. Conn's Responses to Plaintiffs' Requests to Produce <u>signed by you</u>; and

- The "documents, videos, and information" to which you referred in your July 19, 2023 email message to me (ECF No. 98-2, at 4).

By rule, Plaintiffs have "no duty to act" on Ms. Conn's as yet unsigned discovery responses. FED. R. CIV. P. 26(g)(2). As such, pursuant to our mid-June 2023 agreement



Letter to Justin G. Sherman, Esq.
Page 6 of 13
January 8, 2024

concerning the order of discovery detailed above, Plaintiffs are not yet required to produce responses to Defendant's Discovery Requests. Nevertheless, in the interest of keeping this case on track, we are working to do so while we await Ms. Conn's full, complete and properly signed discovery responses and documents.

The fact that you prepared Ms. Conn's Responses to Plaintiffs' Requests for Admission and Ms. Conn's Responses to Plaintiffs' Requests to Produce for eventual signatures by her suggests one or both of the following things, each of which is concerning: (1) it appears you were unaware that you need to sign those Responses (see FED. R. CIV. P. 26(g)(1), quoted above); and/or (2) you do not have confidence in these unsigned July 6th Responses as they exist currently.

I could end this letter here and await signed versions of Ms. Conn's discovery Responses along with the long-promised documents, videos and information she has yet to produce before I point out the deficiencies in what she has produced to date. Proceeding this way could be more efficient for Plaintiffs, as I expect there will be revisions to the July 6, 2023 unsigned Responses now that you know you need to sign Ms. Conn's Responses to Plaintiffs' Requests for Admission and Responses to Plaintiffs' Requests to Produce, and that she needs to sign her Interrogatory Responses under oath.

Nevertheless, in the interests of time, I will use the remainder of this letter to point out various problems with what has been produced to date. Hopefully, doing so will aid you and Ms. Conn in producing signed Responses which meet the requirements of Rule 26(g)(1)(B)(i)-(iii). In the meantime, Plaintiffs and I reserve the right to challenge any and all aspects of Ms. Conn's eventual signed Responses and document production.

**F.      Problems with Ms. Conn's Unsigned July 6, 2023 Interrogatory Responses.**

**1.      Ms. Conn Cannot Decline to Answer Discovery Requests Based on Her Feigned Inability to Understand the English Language.**

In paragraph 9, on pages 4-5 of her unsigned Interrogatory Responses, Ms. Conn is asked to identify which quoted statements attributed to her in Plaintiffs' Amended Complaint she contends is false, inaccurate or otherwise misleading. She responds that she "speaks minimal English" and is therefore "not qualified" to "opine as to the translations." Ms. Conn asserts this claim throughout all of her (unsigned) discovery Responses, so the bullet points below apply with equal force to all such assertions. The problems with this assertion include the following:

- We have third-party witnesses who are prepared to testify based on firsthand knowledge that Ms. Conn is highly proficient in the English language – in other words, she is lying when she claims not to understand English. See generally Plaintiff Johnny Ha's June 7, 2022 Declaration ¶ 3 (ECF No. 49-1) (stating that Ms. Conn is "attempting to commit fraud on this Court by pretending not to speak



Letter to Justin G. Sherman, Esq.
Page 7 of 13
January 8, 2024

- or understand the English language") and Ex. A thereto (optical disc containing multiple videos demonstrating that Ms. Conn is proficient in English);

- Ms. Conn hired a translator in connection with this case, namely Ngo Quoc Quan, who provided a 67-page document in discovery dated June 30, 2021 containing numerous translations of videos. If Ms. Conn cannot understand the English translations in Plaintiffs' Amended Complaint (which is not believable), she can use a translator to assist her;

- Ms. Conn can petition the Court to appoint a translator to assist her (again, this should not be necessary given Ms. Conn's English language proficiency). See 28 U.S.C. § 1827(g)(4) and FED. R. CIV. P. 43(d); and

- Ms. Conn is not entitled to a Court-appointed interpreter. See Pedraza v. Phoenix, No. 93 CIV. 2631 (MGC) 1994 WL 177285, *1-2 (S.D. N.Y. 1994) (interpreting then-Rule 43(f) (now Rule 43(d)) to apply only to the discretionary appointment of interpreter for trial and denying indigent plaintiff's motion for translation of pre-trial motions). Hence, if the Court will not appoint an interpreter, Ms. Conn must find and use her own interpreter.

2. **Ms. Conn's 'No Time Limit' Objection to Interrogatory No. 13 is Baseless.**

In her Response to Interrogatory No. 13 on pages 6-7, Ms. Conn objects on the basis that there is "no time limitation." Interrogatory No. 13 asks Ms. Conn to "provide a list of all documents you are aware of that are relevant to this litigation." Ms. Conn's "no time limitation" argument is baseless because the Interrogatory only asks for documents relevant to the litigation.

3. **Ms. Conn's Response to Interrogatory No. 14 is Incomplete and Her Privilege Objection is Improper.**

Interrogatory No. 14 asks Ms. Conn to "identify each person you spoke to regarding one or more of the Plaintiffs" and to provide contact information for each person, specifically "address, phone number and e-mail address." While Ms. Conn provided a list of names, all lacked an address and email address, and one did not have any contact information at all.

Moreover, Ms. Conn's 'privilege' objection to Interrogatory No. 14 is improper. She objects as follows: "Objection to the extent the interrogatory calls for disclosure of spousal privilege, attorney-client privilege, doctor-patient privilege, or matters discussed with a mediator." As mandated by Rule 26(b)(5):

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:



        (i) expressly make the claim; and

        (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED. R. CIV. P. 26(b)(5).

When objecting to an interrogatory on the grounds of alleged privilege, the "objection must include sufficient information so that the court and opposing counsel can assess the applicability of the privilege." STEVEN BAICKER-MCKEE & WILLIAM M. JANSSEN, FEDERAL CIVIL RULES HANDBOOK 777 (2024) (footnote omitted) (citing case law).

Interrogatory No. 14 does not ask for the substance of any communications. Rather, it asks Ms. Conn to identify the persons with whom she spoke concerning Plaintiffs and provide their contact information. If Ms. Conn believes she can withhold responsive information based on "spousal privilege, attorney-client privilege, doctor-patient privilege, or matters discussed with a mediator," she needs to supply "sufficient information so that the court and opposing counsel can assess the applicability of the privilege." BAICKER-MCKEE & JANSSEN, supra at 777.

**G.    Problems with Ms. Conn's Unsigned July 6, 2023 Responses to Plaintiffs' Requests for Admission ("RTA").**

For Videos Nos. 1 to 18, Ms. Conn admits in her unsigned RTA Responses that they are genuine, that she published them to YouTube/the Internet, that they are available for persons other than the Plaintiffs and herself to view, and that she is the one speaking and visible in the Videos.

**1.    Ms. Conn's Objections to and Denials of RTA #s 6, 16, 26, 36, 46, 56, 66, 76, 86, 96, 106, 116, 126, 136, 146, 156, 166 and 176 are Baseless and Interposed in Bad Faith.**

However, Ms. Conn objects to the following for Videos Nos. 1 to 18: "Admit that video #__ was heard and/or viewed by persons other than Plaintiffs and you." She claims this calls for speculation and information outside of her control. After objecting, she responds with "denied." In actuality, Ms. Conn could see a real-time list of people who watched her Videos, and she interacted with various persons while broadcasting these Videos. As such, her objections to and denials of RTA #s 6, 16, 26, 36, 46, 56, 66, 76, 86, 96, 106, 116, 126, 136, 146, 156, 166 and 176 are baseless and interposed in bad faith.

Please have Ms. Conn revise her Responses to RTA #s 6, 16, 26, 36, 46, 56, 66, 76, 86, 96, 106, 116, 126, 136, 146, 156, 166 and 176.



  2. **Ms. Conn's Denials of RTA #s 7, 17, 27, 37, 47, 57, 67, 77, 87, 97, 107, 117, 127, 137, 147, 157, 167 and 177 are Baseless and Interposed in Bad Faith.**

  Ms. Conn denies that the translations of Videos Nos. 1 to 18 in the Amended Complaint are accurate or substantially accurate. See RTA Responses Nos. 7, 17, 27, 37, 47, 57, 67, 77, 87, 97, 107, 117, 127, 137, 147, 157, 167 and 177. In each of these denials, she claims she is "not qualified or certified to opine on the accurateness of an English translation, and she cannot speak English at a level that would allow her to determine whether the translate is accurate or substantially accurate."

  Even if Ms. Conn's assertions regarding her English language abilities were true, which they are not (see Section F.1, above), that is not a basis for Ms. Conn to deny the RTAs in question. Indeed, "[i]f the responding party is genuinely unable to admit or deny the requested admission, the party can so state, but must describe in detail why, after reasonable inquiry, the party cannot admit or deny." STEVEN BAICKER-MCKEE & WILLIAM M. JANSSEN, FEDERAL CIVIL RULES HANDBOOK 907-08 (2024) (footnote omitted) (citing cases).

  Please have Ms. Conn revise her Responses to RTA #s 7, 17, 27, 37, 47, 57, 67, 77, 87, 97, 107, 117, 127, 137, 147, 157, 167 and 177.

  3. **Ms. Conn's Denials of RTA #s 8, 18, 28, 38, 48, 58, 68, 78, 88, 98, 108, 118, 128, 138, 148, 158, 168 and 178 are Baseless and Interposed in Bad Faith.**

  Ms. Conn denies that the translations of Videos Nos. 1 to 18 included in the Exhibit to the April 28, 2021 Expert Report of Thi Ngoc Son Dang are accurate or substantially accurate. See RTA Responses Nos. 8, 18, 28, 38, 48, 58, 68, 78, 88, 98, 108, 118, 128, 138, 148, 158, 168 and 178. In each of these denials, she claims she is "not qualified or certified to opine on the accurateness of an English translation, and she cannot speak English at a level that would allow her to determine whether the translate is accurate or substantially accurate."

  Even if Ms. Conn's assertions regarding her English language abilities were true, which they are not (see Section F.1, above), that is not a basis for Ms. Conn to deny the RTAs in question. Indeed, "[i]f the responding party is genuinely unable to admit or deny the requested admission, the party can so state, but must describe in detail why, after reasonable inquiry, the party cannot admit or deny." BAICKER-MCKEE & JANSSEN, supra at 907-08 (footnote omitted) (citing cases).

  Please have Ms. Conn revise her Responses to RTA #s 8, 18, 28, 38, 48, 58, 68, 78, 88, 98, 108, 118, 128, 138, 148, 158, 168 and 178.

  4. **Ms. Conn's Denials of RTA #s 9, 19, 29, 39, 49, 59, 69, 79, 89, 99, 109, 119, 129, 139, 149, 159, 169 and 179 are Baseless and Interposed in Bad Faith.**

  Ms. Conn denies that she has "no documents, communications or other evidence to support [her] statements" in Video #s 1 to 18. See RTA Responses Nos. 9, 19, 29, 39, 49, 59,



Letter to Justin G. Sherman, Esq.
Page 10 of 13
January 8, 2024

69, 79, 89, 99, 109, 119, 129, 139, 149, 159, 169 and 179.  In each of these denials, she claims she is "not a certified translator and she cannot speak English at a level that would allow her to understand the quoted language in the Amended Complaint."

Even if Ms. Conn's English language skills were lacking, which is not the case (see Section F.1, above), that is not a basis for Ms. Conn to deny the RTAs in question.  Indeed, "[i]f the responding party is genuinely unable to admit or deny the requested admission, the party can so state, but must describe in detail why, after reasonable inquiry, the party cannot admit or deny."  BAICKER-MCKEE & JANSSEN, supra at 907-08  (footnote omitted) (citing cases).

Please have Ms. Conn revise her Responses to RTA #s 9, 19, 29, 39, 49, 59, 69, 79, 89, 99, 109, 119, 129, 139, 149, 159, 169 and 179.  Moreover, if Ms. Conn believes she has documents which support her statements in Videos #s 1 to 18, please produce these documents in discovery.

### 5.    Ms. Conn's Denials of RTA #s 10, 20, 30, 40, 50, 60, 70, 80, 90, 100, 110, 120, 130, 140, 150, 160, 170 and 180 are Baseless and Interposed in Bad Faith.

Ms. Conn denies that she does "not have a legal privilege to publish to persons other than Plaintiffs the statements you made" in Videos #s 1 to 18, and she counters that she "has legal privileges such as attorney-client, spousal communication privilege, doctor-patient privilege."  See RTA Responses Nos. 10, 20, 30, 40, 50, 60, 70, 80, 90, 100, 110, 120, 130, 140, 150, 160, 170 and 180.

Obviously, RTA Nos. 10, 20, 30, 40, 50, 60, 70, 80, 90, 100, 110, 120, 130, 140, 150, 160, 170 and 180 concern the people to whom Ms. Conn was broadcasting when she livestreamed and published Videos Nos. #s 1 to 18.  See generally BAICKER-MCKEE & JANSSEN, supra at 907 n.23 (a "denial may not be based on an overly-technical reading of the request" and an "evasive denial may be deemed an admission") (citing cases).

Is Ms. Conn claiming the only viewers of the eighteen Videos were her lawyer(s), her spouse(s) and her doctor(s)?  If not, then she needs to answer RTA Nos. 10, 20, 30, 40, 50, 60, 70, 80, 90, 100, 110, 120, 130, 140, 150, 160, 170 and 180 appropriately.

In an effort to avoid a further discovery dispute concerning RTA Nos. 10, 20, 30, 40, 50, 60, 70, 80, 90, 100, 110, 120, 130, 140, 150, 160, 170 and 180, please interpret these RTA's to read as follows:  "Admit that you do not have a legal privilege to publish to persons other than Plaintiffs, your lawyer(s), your doctor(s), your spouse(s), and your religious/spiritual advisor(s) the statements you made in Video # __."

Please note that Ms. Conn's references to the attorney-client, spousal communication and doctor-patient privileges in RTA Nos. 10, 20, 30, 40, 50, 60, 70, 80, 90, 100, 110, 120, 130, 140, 150, 160, 170 and 180 would be frivolous even if the only viewers of the eighteen Videos were her lawyer(s), her spouse(s) and doctor(s).  The attorney-client privilege means "the protection that applicable law provides for confidential attorney-client communications."  FED. R. EVID.



Letter to Justin G. Sherman, Esq.
Page 11 of 13
January 8, 2024

502(g)(1) (emphasis added).  Obviously, there was nothing confidential about the public statements Ms. Conn made on the eighteen Videos.  Moreover, her statements on those Videos were not made for "the purpose of facilitating the rendition of professional legal services."  VT. R. EVID. 502(b).  As such, her statements on the eighteen Videos are not protected by the attorney-client privilege.

Ms. Conn's reference to the spousal privilege fares no better.  Rule 504 of the Vermont Rules of Evidence "extends the marital privilege to two types of testimony: first, concerning <u>confidential</u> communications made during marriage; second, concerning matters that would breach a marital <u>confidence</u>."  <u>State v. Wright</u>, 154 Vt. 512, 526, 581 A.2d 720, 728-29 (1989) (emphasis added).  For purposes of the spousal privilege, "[a] statement, letter, conversation, or other communication is 'confidential' if it is made privately by any person and is not intended for disclosure to any other person."  VT. R. EVID. 504(a).  Obviously, there was nothing confidential about the public statements Ms. Conn made on the eighteen Videos.

Ms. Conn's reference to the doctor-patient privilege is frivolous.  First of all, she was not communicating with her doctor(s) when she published her statements concerning Plaintiffs in the eighteen Videos.  But even if she were, it would not matter.  In Vermont, the "Patient's Privilege" is defined and limited as follows:

> A patient has a privilege to refuse to disclose and to prevent any other person, including a person present to further the interest of the patient in the consultation, examination or interview, from disclosing <u>confidential communications made for the purpose of diagnosis or treatment of his physical, mental, dental, or emotional condition</u>, including alcohol or drug addiction, among himself, his physician, dentist, nurse, or mental health professional, and persons who are participating in diagnosis or treatment under the direction of a physician, dentist, nurse, or mental health professional, including members of the patient's family.

VT. R. EVID. 503(b) (emphasis added).  Obviously, Ms. Conn's statements concerning Plaintiffs on the eighteen Videos were not confidential communications made for the purpose of diagnosis or treatment of his physical, mental, dental, or emotional condition.

Finally, please see the discussion of Rule 26(b)(5) in Section F.3, above.  If Ms. Conn insists on invoking one or more alleged privileges in response to RTA #s 10, 20, 30, 40, 50, 60, 70, 80, 90, 100, 110, 120, 130, 140, 150, 160, 170 and 180, please comply with Rule 26(b)(5).

Please have Ms. Conn revise her Responses to RTA #s 10, 20, 30, 40, 50, 60, 70, 80, 90, 100, 110, 120, 130, 140, 150, 160, 170 and 180.



Letter to Justin G. Sherman, Esq.
Page 12 of 13
January 8, 2024

> **H.    Problems with Ms. Conn's Unsigned July 6, 2023 Responses to Plaintiffs' Requests to Produce ("RTP").**
>
> **1.    Please State Whether Responsive Materials are Being Withheld.**

Pursuant to Rule 34(b)(2)(C), "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection…." FED. R. CIV. P. 34(b)(2)(C) (emphasis added).  This requirement enables the other parties to "make a more informed decision as to whether to challenge the objection" and "conduct an 'informed discussion' about what was withheld."  STEVEN BAICKER-MCKEE & WILLIAM M. JANSSEN, FEDERAL CIVIL RULES HANDBOOK 886-87 (2024) (footnote omitted) (citing case law).

Your numerous RTP objections are, at best, cryptic as to whether responsive materials are being withheld on the basis of the objection(s) in question.  Please review all the RTP objections and revise them to indicate whether or not any responsive materials are being withheld on the basis of those objections.

> **2.    Please Organize the Documents to Correspond to the Numbered RTP.**

Pursuant to Rule 34(b)(2)(E)(i), "[a] party must produce documents as they are kept in the usual course of business or must <u>organize and label them to correspond to the categories in the request</u>…." FED. R. CIV. P. 34(b)(2)(E)(i) (emphasis added).  Ms. Conn has produced 166 pages of documents to date (Conn_000001 to Conn_000166).  Unfortunately, there is no way to tell which numbered document pages correspond to which numbered RTP.  At a minimum, please create a table or chart detailing the numbered document page(s) which are responsive to the numbered RTP(s).

> **3.    Please Produce Documents in Color Where Applicable.**

Ms. Conn's 166-page document production is entirely in black-and-white.  Plaintiffs are entitled to copies of documents which reflect the color scheme of the originals.  <u>See</u> BAICKER-MCKEE & JANSSEN, <u>supra</u> at 889 ("The requesting party may insist on inspecting an original when a copy would not reflect the colors or signature on the original") (footnote omitted) (citing case law); and <u>Jacobs v. Sullivan</u>, No. 1:05-cv-01625-LJO-GSA-PC, 89 Fed. R. Evid. Serv. 319, 2012 WL 3704743, at *8 (E.D. Cal. Aug. 27, 2012) ("Plaintiff is entitled to color copies of the requested photographs which accurately depict the subject matter.") (citing FED. R. CIV. P. 26(b)(1)).  If the original document is in color, please produce a copy in color (including producing new copies of the original 166-page document production in color where applicable).

> **4.    Please Produce Electronic Documents in Electronic Form.**

To date, Ms. Conn has not produced any electronically stored information (ESI) in electronic form.  The parties agreed that ESI "shall be produced in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."  <u>See</u> RTP, p. 5, ¶ 14 (citing the



Letter to Justin G. Sherman, Esq.
Page 13 of 13
January 8, 2024

Dec. 22, 2020 Stipulated Discovery Schedule/Order, ECF No. 12, ¶ 2).  Please produce ESI in electronic form.

      Once I receive the revised and properly signed RTP Responses and corrected document production, along with the "documents, videos, and information" to which you referred in your July 19, 2023 email message to me (ECF No. 98-2, at 4), Plaintiffs and I will reassess the RTP Responses and documents (including ESI).  If any deficiencies remain at that point, I will let you know.

      Thanks.

                                       Sincerely yours,

                                       /s/ *Daniel A. Seff*

                                       Daniel A. Seff
                                       dseff@mskvt.com

