UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

-----------------------------------------------------
JOHNNY HA, JENNY PHAM a/k/a       )
JENNY HA, and HELEN LE,            )
                                   )
              *Plaintiffs*,        )
                                   )
         v.                        )          Civil Action No. 2:20-cv-155-wks
                                   )
TINA CONN,                         )
                                   )
              *Defendant*.         )
-----------------------------------------------------

**PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE ADMISSION
AT TRIAL OF VIDEOS OF PLAINTIFF JENNY PHAM**

Plaintiffs Johnny Ha, Jenny Pham a/k/a Jenny Ha and Helen Le (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby move to preclude admission at trial of videos of Plaintiff Jenny Pham. As explained below, Defendant Tina Conn's counsel seeks to introduce twenty-two videos of Ms. Pham to try to justify Defendant's verbal attacks on Plaintiffs. But the so-called self-defense privilege, which is a qualified privilege to a defamation claim, is an affirmative defense that must be pleaded or it is waived. Defendant never pleaded a qualified privilege affirmative defense; hence, she waived the defense.

Moreover, even if Defendant had asserted a qualified self-defense privilege affirmative defense (which she did not), the Court decides as a matter of law whether the occasion is privileged, and there is no conceivable scenario under which a jury could find that Defendant's verbal attacks on Plaintiffs could be privileged.

Finally, even if the Jenny Pham videos were somehow relevant, this Court should exclude them pursuant to Rule 403 of the Federal Rules of Evidence because their probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues,

misleading the jury, undue delay and wasting time.  This Motion is based on the following

Memorandum of Law, the accompanying Declaration of Daniel A. Seff and Exhibits A to C

thereto.  Plaintiffs state respectfully as follows:

## MEMORANDUM OF LAW

## INTRODUCTION AND FACTUAL BACKGROUND

This case concerns eighteen videos that Defendant published on social media in which

she verbally attacks Plaintiffs.  *See Plaintiffs' First Amended Complaint* (ECF No. 13, filed Jan.

8, 2021) ("FAC").  *See also* Seff Decl. Ex. A, at 10-17 (English translations of Defendant's

eighteen videos).

In her Answer to the FAC, Defendant asserted three purported affirmative defenses:

"Consent," "Unclean hands" and "Truth."  *See Defendant's First Amended Answer,*

*Counterclaims and Jury Demand* at 16 (ECF No. 14, filed Jan. 25, 2021) ("*Amended Answer*").

These are the same three purported affirmative defenses Defendant interposed in her

November 16, 2020 Answer (*see* ECF No. 6 at 14) to Plaintiffs' September 30, 2023 original

Complaint (ECF No. 1).

In her *Amended Answer*, Defendant asserted Counterclaims against Ms. Pham for

intentional infliction of emotional distress and defamation (*see Amended Answer* at 16-20)

("*Counterclaims*").

On December 9, 2021, Ms. Pham moved to dismiss Defendant's *Counterclaims* as a

sanction for Defendant's violation of this Court's November 5, 2021 Order (ECF No. 28)

granting Defendant thirty days to retain new counsel or assert her right to self-representation.

*See Plaintiff/Counterclaim Defendant Jenny Pham's Rule 41(b) Motion to Dismiss*

*Defendant/Counterclaim Plaintiff Tina Conn's Counterclaims for Failure to Comply with this*

*Court's November 5, 2021 Order* (ECF No. 29) ("*Motion to Dismiss Counterclaims*").

Defendant did not oppose Ms. Pham's *Motion to Dismiss Counterclaims*.  On January 14, 2022, this Court issued an Order granting Ms. Pham's *Motion* and dismissed Defendant's *Counterclaims*.  *See* ECF No. 31 ("*Order Granting Motion to Dismiss*").  The Court's *Order Granting Motion to Dismiss* was an adjudication on the merits of Defendant's *Counterclaims*. *See generally* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

Defendant never moved for reconsideration of this Court's January 14, 2022 *Order Granting Motion to Dismiss* and her time to do so has long since expired.

On May 10, 2024, attorney Kevin Lumpkin entered an appearance for Defendant (ECF No. 125).  During a recent phone call, Mr. Lumpkin informed Plaintiffs' undersigned counsel that he intends to introduce at trial multiple videos of Ms. Pham in which Ms. Pham supposedly disparages Defendant (*see* Seff Decl. Exs. B and C (English translations of the Jenny  Pham videos)).  When Plaintiffs' counsel asked Mr. Lumpkin what the basis was for the alleged relevancy of these Jenny Pham videos, Mr. Lumpkin responded, "for context," or words to that effect.  Mr. Lumpkin elaborated that Defendant's eighteen videos concerning Plaintiffs that are the subject of this case "were not created in a vacuum," or words to that effect.  In other words, Plaintiffs understand that Defendant's counsel wants to argue at trial that one or more of Defendant's eighteen videos attacking Plaintiffs were in response to and/or a reaction to Ms. Pham's videos.  *See* Seff Decl. ¶¶ 3-6.

<u>LEGAL ARGUMENT</u>

<u>POINT I</u>

**THIS COURT SHOULD PRECLUDE ADMISSION AT TRIAL OF VIDEOS OF JENNY PHAM BECAUSE DEFENDANT DID NOT PLEAD A 'QUALIFIED PRIVILEGE' AFFIRMATIVE DEFENSE AND WAIVED ANY SUCH PURPORTED DEFENSE, AND HER ELEVENTH-HOUR ATTEMPT TO INTRODUCE THE JENNY PHAM VIDEOS AS SUPPOSED 'CONTEXT' FOR HER VERBAL ATTACKS ON PLAINTIFFS IS AN ATTEMPTED END-RUN AROUND HER WAIVER OF THE SELF-DEFENSE PRIVILEGE.**

**A.   Qualified Privilege is an Affirmative Defense to a Virginia Defamation Claim.**

For the purposes of this Motion *in Limine*, the parties agree that Viriginia law applies (*see* Seff Decl. ¶ 7).

Under Virginia law, qualified privilege is an affirmative defense to a defamation action. *See*, *e.g.*, *Doe v. Shenandoah Univ.*, No. 5:21CV00073, 2022 WL 2525729, at *5 (W.D. Va. July 7, 2022) ("It is therefore inappropriate for the court to consider the University's affirmative defense of qualified privilege at this early stage."); *Carter v. Dominion Energy, Inc.*, 529 F. Supp. 3d 525, 540 (W.D. Va. 2021) ("A party can assert qualified privilege as a defense to defamation."); *Hartman v. Centra Health, Inc.*, 550 F. Supp. 3d 331, 345 (W.D. Va. 2021) (describing "qualified privilege" as an "affirmative defense" to a Virginia defamation claim); *Meredith v. Nestle Purina Petcare Co.*, 516 F. Supp. 3d 542, 556 (E.D. Va. 2021) (same); *Owen v. Liberty Univ.*, No. 6:19-CV-00007, 2020 WL 1856798, at *11 (W.D. Va. Apr. 13, 2020) ("The Supreme Court of Virginia has held that the common-law defense of qualified privilege survives in defamation actions in Virginia.") (internal quotes omitted) (citing cases), *aff'd*, No. 20-1596, 2022 WL 127894 (4th Cir. Jan. 13, 2022); *Goulmamine v. CVS Pharmacy, Inc.*, 138 F. Supp. 3d 652, 664 (E.D. Va. 2015) ("even if qualified privilege protects CVS's statements, the facts necessary to support the affirmative defense do not clearly appear on the face of the

Complaint"); *Berry v. Gen. Elec. Corp.*, No. CIV.A.7:08CV00007, 2008 WL 2726959, at *4 n.8 (W.D. Va. July 11, 2008) (the "affirmative defense [of qualified privilege] was not raised by the defendants and the court declines to consider it at this time").  *See also Great Coastal Exp., Inc. v. Ellington*, 334 S.E.2d 846, 853 (Va. 1985) ("the common-law defense of qualified privilege survives in defamation actions in Virginia"), *overruled in part on other grounds in Cashion v. Smith*, 749 S.E.2d 526 (Va. 2013); *Myers v. Tyler*, 61 Va. Cir. 512, 2003 WL 22387063, at *2 (May 8, 2003) ("qualified privilege is an affirmative defense").

### B.    Virginia Recognizes a Qualified Privilege of Reply, Also Known as the Privilege to Speak in Self-Defense or to Defend One's Reputation.

Virginia has long recognized the qualified privilege of reply, also known as the privilege to speak in self-defense or to defend one's reputation.  As the Supreme Court of Virginia explained in *Haycox v. Dunn*:

> Every man has a right to defend his character against false aspersion. It is one of the duties which he owes to himself and to his family. Therefore, communications made in fair self-defense are privileged. If a person is attacked in a newspaper, he may write to the paper to rebut the charges, and may at the same time retort upon his assailant, where such retort is a necessary part of his defense or fairly arises out of the charges he has made.  A man who commences a newspaper war cannot subsequently come to the court as plaintiff to complain that he has had the worst of the fray.  But in rebutting an accusation the party should not state what he knows at the time to be untrue, or intrude unnecessarily into the private life or character of his assailant.  The privilege extends only to such retorts as are fairly an answer to the attacks.

*Haycox v. Dunn*, 104 S.E.2d 800, 812 (Va. 1958) (quoting Martin L. Newell, The Law of Slander and Libel in Civil and Criminal Cases § 429, at 456 (4th ed. 1924)).

The self-defense privilege is a qualified (or conditional) privilege.  *See generally Foretich v. Cap. Cities/ABC, Inc.*, 37 F.3d 1541, 1559 & n.19 (4th Cir. 1994) (describing the privilege as "conditional" and "qualified") (applying Virginia law); 2 Rodney A. Smolla, Law of

Defamation § 8:47 & n.2 (2d ed.) (Westlaw LDEF § 8:47 May 2024 update) (citing *Haycox* as an example of a "conditional common-law privilege to make statements for the protection of the speaker's own legitimate interests," including "statements made to defend one's reputation in response to attack by another") (footnotes omitted); Restatement (Second) of Torts § 594 (1977), Reporter's Note (citing *Haycox* as an example of "the conditional privilege to publish defamatory matter as a reasonable means of self-defense against defamation").

### C.   Defendant Did Not Plead Self-Defense as an Affirmative Defense and Thereby Waived the Privilege.

In diversity cases, "Federal law governs whether a defense has been waived in federal court, but state law governs which defenses must be pleaded affirmatively to avoid waiver." *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 680 (6th Cir. 2018), quoted in *Desai v. Charter Commc'ns, LLC*, 381 F. Supp. 3d 774, 790 (W.D. Ky. 2019).  In *Desai*, the court held that the defendant employer waived the affirmative defense of qualified privilege against former employees' claims for defamation per se under Kentucky law by failing to assert the privilege in a responsive pleading (*id.* at 791-93).

Second Circuit case law is clear that **"affirmative defenses are waived unless they are raised in a responsive pleading."**  *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 7 F.4th 50, 63 (2d Cir. 2021) (internal quotes omitted) (emphasis added) (citing authorities).  "An affirmative defense is a defense that will defeat the plaintiff's claim, even if all allegations in the complaint are true, rather than an attack on the truth of the allegations, or a rebuttal of a necessary element of the claim."  *Id.* (internal quotes and ellipse omitted).  *See also Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) ("An affirmative defense is defined as '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or

prosecution's claim, even if all allegations in the complaint are true'") (quoting <u>Black's Law Dictionary</u> 430 (7th ed. 1999)).

Defendant's original Answer and her *Amended Answer* contain only three purported affirmative defenses: "Consent," "Unclean hands" and "Truth" (*see* ECF No. 6 at 14; ECF No. 14 at 16). (Last spring, when Defendant was represented by attorney Justin Sherman, this Court granted Defendant an opportunity to "properly amend[]" her *Amended Answer* to assert an additional defense of "rhetorical hyperbole." *See* Opinion and Order at 10 (ECF No. 93, filed June 6, 2023). Defendant never did so.)

In a 2015 case holding that an adjacent property owner was precluded from relying on the defense of adverse possession without having first raised the defense in a responsive pleading, the Supreme Court of Virginia explained the reasons why affirmative defenses must be pleaded, namely, to avoid surprise and prejudice:

> It has long been required that a party raise specific defenses (just as a plaintiff must give notice of claims) so that surprise and prejudice at trial from late revelation of unanticipated legal theories is avoided. This has generally led to a requirement that affirmative defenses must be pled in order to be relied upon at trial.

*Howard v. Ball*, 770 S.E.2d 476, 478 (Va. 2015) (quoting *Monahan v. Obici Med. Mgmt. Servs.*, 628 S.E.2d 330, 336 (Va. 2006) (citations omitted in *Howard*)).

In Virginia defamation actions, a qualified privilege affirmative must be pleaded or it is waived. *See, e.g.*, *Berry v. Gen. Elec. Corp.*, No. CIV.A.7:08CV00007, 2008 WL 2726959, at *4 n.8 (W.D. Va. July 11, 2008) (the "affirmative defense [of qualified privilege] was not raised by the defendants and the court declines to consider it at this time"); *Myers v. Tyler*, 61 Va. Cir. 512, 2003 WL 22387063, at *2 (2003) (declining to consider unpleaded "affirmative defense" of "qualified privilege"); *see generally* Kent Sinclair & Leigh B. Middleditch, Jr., <u>Virginia Civil Procedure</u> § 9.2[E] (7th ed.) (2024 LexisNexis version) (listing "[t]he truth of the defamatory

words alleged or the justification or **privilege** of the defendant to utter them" as among the affirmative defenses "that a defendant must plead … at the answer stage in order to have the right to rely on these doctrines in fighting the case") (footnotes omitted) (emphasis added); W. Hamilton Bryson, <u>Bryson on Virginia Civil Procedure</u> § 6.03 (5th ed.) (2024 LexisNexis version) (listing "[t]he truth of the defamatory words alleged or the justification or **privilege** of the defendant to utter them" as among the affirmative defenses that "the defendant must himself plead" or "they are deemed to have been waived") (footnote omitted) (emphasis added).[1]

In the instant case, Defendant did not plead a self-defense qualified privilege as an affirmative defense and thereby waived the privilege.  Her eleventh-hour attempt to introduce the Jenny Pham videos as purported 'context' for her verbal attacks on Plaintiffs is an attempted end-run around her waiver of the self-defense privilege that this Court should reject.

### POINT II

**EVEN IF DEFENDANT HAD ASSERTED A QUALIFIED PRIVILEGE AFFIRMATIVE DEFENSE, THE COURT DECIDES AS A MATTER OF LAW WHETHER THE OCCASION IS PRIVILEGED, AND THERE IS NO CONCEIVABLE SCENARIO UNDER WHICH A JURY COULD FIND THAT DEFENDANT'S VERBAL ATTACKS ON PLAINTIFFS COULD BE PRIVILEGED.**

As explained above in Point I, Defendant did not plead a self-defense qualified privilege affirmative defense and thereby waived the privilege.  But even if Defendant had asserted a

---

[1] Virigina Courts often cite to the Sinclair/Middleditch and Bryson treatises, including when it comes to pleading and affirmative defense issues.  *See*, *e.g.*, *Eilber v. Floor Care Specialists, Inc.*, 807 S.E.2d 219, 222 n.3 (Va. 2017) ("In their treatise, Kent Sinclair and Leigh Middleditch, Jr. list 24 defenses that have been recognized in Virginia as affirmative defenses that are waived if not pled, not including judicial estoppel.") (citing <u>Virginia Civil Procedure</u> § 9.2[E], at 726-28 (6th ed. 2014)); *Alexandria Redevelopment & Hous. Auth. v. Walker*, 772 S.E.2d 297, 300 n.4 (Va. 2015) (citing both treatises on the subject of what constitutes a "pleading"); *Williams v. Murry's Inc.*, 45 Va. Cir. 499, 1998 WL 34181939, at *2 (1998) ("Where the defendant must plead certain issues as affirmative defenses, he may do so by means of a special plea.") (citing W. Hamilton Bryson, <u>Bryson on Virginia Civil Procedure</u> at 239-45 (3d ed. 1997)).

qualified privilege affirmative defense, in Virginia the court decides as a matter of law whether the privilege applies. In *Haycox v. Dunn*, 104 S.E.2d 800 (Va. 1958), the Court restated the general rule that "it is the court's duty to determine as a matter of law whether the occasion is privileged, while the question of whether or not the defendant was actuated by malice, and has abused the occasion and exceeded his privilege are questions of fact for the jury." *Id.* at 811 (quoting *Bragg v. Elmore*, 147 S.E. 275, 279 (Va. 1929)). *See also Haycox*, 104 S.E.2d at 811 ("The question of privilege was one for the court, and the question of the use which the defendants made of their privilege, that is, whether they acted maliciously or not, was a question for the jury to decide.").

The Supreme Court of Virginia has recognized that there can be situations where, "though the occasion be qualifiedly privileged, if the language used be clearly disproportionate, extraneous and impertinent to the occasion and subject at hand, and thus beyond the scope and protection of the privilege, then there is no factual issue on the abuse of privilege to submit to the jury." *Luhring v. Carter*, 69 S.E.2d 416, 423 (Va. 1952) (citing out-of-state cases).

Defendant's verbal attacks on Plaintiffs are so clearly disproportionate, extraneous and impertinent as to be beyond the scope and protection of the qualified privilege of self-defense such that there is no conceivable scenario under which a jury could find that Defendant's attacks could be privileged. *See* FAC ¶¶ 21-24, 31, 33-35, 40-41, 46-47, 52-55, 64, 69-75, 86-92, 107, 119, 121, 136, 144, 146, 148, 150, 160 (ECF No. 13, filed Jan. 8, 2021); and Seff Decl. Ex. A, at 10-17 (English translations of Defendant's eighteen videos). *See generally Haycox*, 104 S.E.2d at 811 ("one insult cannot be set off against another").

Indeed, Defendant does not simply attack Ms. Pham. Rather, Defendant attacks Ms. Pham, Mr. Johnny Ha (Ms. Pham's husband) and Ms. Helen Le (Ms. Pham's mother). Research has yet to reveal a case in which the self-defense privilege applied to attacks on *third persons*.

In sum, even if Defendant had asserted a qualified privilege affirmative defense, the Court decides as a matter of law whether the occasion is privileged, and there is no conceivable scenario under which a jury could find that Defendant's verbal attacks on Plaintiffs could be privileged.

### POINT III

**The JENNY PHAM VIDEOS ARE NOT RELEVANT, BUT EVEN IF THEY WERE, THIS COURT SHOULD EXCLUDE THEM PURSUANT TO RULE 403 OF THE FEDERAL RULES OF EVIDENCE BECAUSE THEIR PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSING THE ISSUES, MISLEADING THE JURY, UNDUE DELAY AND WASTING TIME.**

Rule 403 of the Federal Rules of Evidence provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In this case, the jury will be asked to consider Defendant's eighteen videos in which she verbally attacks Plaintiffs. *See* FAC ¶¶ 21-24, 31, 33-35, 40-41, 46-47, 52-55, 64, 69-75, 86-92, 107, 119, 121, 136, 144, 146, 148, 150, 160 (ECF No. 13, filed Jan. 8, 2021); and Seff Decl. Ex. A, at 10-17 (English translations of Defendant's eighteen videos).

The videos of Ms. Pham that Defendant wants to introduce at trial have no bearing on whether Defendant is or may be liable for the eighteen videos of her quoted in the FAC. Hence, the Jenny Pham videos are *irrelevant* and should be excluded on that basis alone. *See generally* Fed. R. Evid. 401 ("Evidence is relevant if: it (a) it has any tendency to make a fact more or less probable than it would be without the evidence; **and** (b) the fact is of consequence in determining the action.") (emphasis added).

Moreover, as explained below, any conceivable probative value of the Jenny Pham videos is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

A.      __Danger of Unfair Prejudice.__

Given that this Court dismissed Defendant's Counterclaims as a sanction and an adjudication on the merits, it would be unfairly prejudicial to Plaintiffs to allow Defendant to get in through the back door the Jenny Pham videos she could not get in through the front door.

Moreover, as detailed above, Defendant does not simply attack Ms. Pham. Rather, Defendant attacks Ms. Pham as well as her husband, Mr. Ha, and her mother, Ms. Le. There is no qualified privilege to attack third persons in supposed self-defense.

Complicating matters further, for each of Defendant's eighteen videos, Plaintiffs assert defamation (per se) claims *and* claims pursuant to Virginia Code Section 8.01-42.1, which is an anti-hate speech statute. *See* FAC ¶¶ 20, 30, 32, 39, 45, 51, 63, 68, 85, 106, 118, 120, 133, 143, 145, 147, 149, 159, 161, 164, 204, 235. Plaintiffs are not aware of a qualified or conditional privilege which could protect hate speech.[2]

---

[2] In cases involving Virginia's anti-hate speech statute, defendants sometimes attempt to raise First Amendment defenses. In the instant case, Defendant did not raise a First Amendment defense to Plaintiffs' Section 8.01-42.1 claims and Plaintiffs maintain respectfully that it is too late for her to try to do so now. *See Salim v. Dahlberg*, 170 F. Supp. 3d 897, 912-13 (E.D. Va. 2016) (rejecting untimely attempted First Amendment defense to Section 8.01-42.1 claim as "waived"). *Cf. Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 231 (1995) ("none would suggest that a litigant may never waive the defense that a statute is unconstitutional"). Even if Defendant had interposed a timely First Amendment defense, which she did not, it would not help her, Plaintiffs respectfully submit. *Cf. Salim*, 170 F. Supp. 3d at 912-13 (rejecting untimely First Amendment defense to Section 8.01-42.1 on the merits). *Cf. Sealed Plaintiff 1 v. Front*, No. 3:22-CV-00670, 2024 WL 1395477, at *30 (E.D. Va. Mar. 31, 2024) (rejecting facial and as-applied constitutional challenges to Section 8.01-42.1).

B.    **Danger of Confusing the Issues.**

As explained in detail above, Defendant waived any conceivable qualified 'self-defense' privilege she might have had.  If this Court were to allow the Jenny Pham videos into evidence, there would be great danger that the jury would confuse the issues.  Specifically, jurors might think erroneously that Ms. Pham is somehow also 'on trial' when, in reality, Defendant is the only party facing potential liability.

C.    **Danger of Misleading the Jury.**

There is a real danger that the jury could be misled by the introduction of the Jenny Pham videos.  As explained in the preceding two paragraphs, Defendant's Counterclaims were dismissed on the merits and Defendant waived any conceivable qualified 'self-defense' privilege. As such, there is simply no reason to admit the Jenny Pham videos.  If they are admitted, jurors could be misled into believing there is something actionable about them, either in the form of providing Defendant with a defense and/or by somehow diminishing the 'sting' of Defendant's eighteen videos.

D.    **Danger of Undue Delay.**

Introduction of the Jenny Pham videos could, and almost definitely would, cause undue delay of the trial proceedings.  There is enormous ground to cover with Defendant's eighteen videos, and the introduction of twenty-two additional videos would take extensive time, and the delay would be undue because Defendant does not have a counterclaim or a qualified privilege defense.

E.    **Danger of Wasting Time.**

Here again, it would be a waste of time to introduce the twenty-two Jenny Pham videos given Defendant does not have a counterclaim or a qualified privilege defense.

In sum, even if the Jenny Pham Videos were somehow relevant (which they are not), this Court should exclude them pursuant to Rule 403 of the Federal Rules of Evidence because their probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay and wasting time.

### CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant this Motion *in Limine* and preclude the admission at trial of videos of Plaintiff Jenny Pham.

Dated: May 29, 2024
        Burlington, Vermont             Respectfully submitted,

                                     MSK ATTORNEYS

                        By:   /s/ *Daniel A. Seff*
                             Daniel A. Seff

                             275 College Street
                             P.O. Box 4485
                             Burlington, VT 05406-4485
                             Phone: (802) 861-7000
                             Fax: (802) 861-7007
                             Email: dseff@mskvt.com

                             *Attorneys for Plaintiffs Johnny Ha, Jenny Pham*
                             *(a/k/a Jenny Ha) and Helen Le*