```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT

Johnny Ha, Jenny Pham         )
a/k/a Jenny Ha, and Helen     )
Le,                           )
                              )
          Plaintiffs,         )
                              )
     v.                       )     Case No. 2:20-cv-155
                              )
Tina Conn,                    )
                              )
          Defendant.          )
```

## OPINION AND ORDER

Pending before the Court are Plaintiffs' motions: (1) to strike Defendant Tina Conn's unsigned discovery responses, (2) to have certain matters deemed admitted, (3) for discovery and contempt sanctions, and (4) for entry of default and default judgment.  The primary factual basis for these motions is that, until very recently, Defendant's discovery responses were not properly signed and/or sworn.  Defendant recently retained a new attorney who promptly provided signed/sworn responses with no substantive changes.  As explained below, because Plaintiffs have had access to the substantive responses for many months and Defendant recently cured the deficiencies with respect to signatures and sworn certification, Plaintiffs' motions (ECF No. 118) are denied.

Defendant's motions for leave to substitute an exhibit and to file a sur-reply memorandum (ECF Nos. 129, 130) are granted.

## Background

On July 2, 2021, Plaintiffs served Interrogatories, Document Requests, and Requests for Admissions on Defendant's then-counsel. After Defendant failed to respond, Plaintiffs filed a motion to compel and for sanctions. Defendant did not file an opposition, and on June 6, 2023 the Court granted Plaintiffs' motion and ordered Defendant to respond to the discovery requests within 30 days.

Defendant served the required discovery responses on July 6, 2023. According to Plaintiffs' counsel, Defendant's then-attorney acknowledged over a period of months that the responses were unsigned and made assurances that signed versions would be provided. On January 8, 2024, Plaintiffs' counsel sent opposing counsel a letter arguing that the unsigned discovery was a violation of the Federal Rules of Civil Procedure and that the responses would be stricken if not properly signed. On February 8, 2024, Defendant's counsel reportedly informed Plaintiffs' counsel that he was working on updated discovery responses and supplemental document production, and that such would be delivered in the near future.

On March 4, 2024, Defendant's counsel withdrew from the case. On March 5, 2024, Plaintiffs' counsel sent Defendant herself a copy of his January 8, 2024 letter and requested full discovery responses and documents no later than March 20, 2024.

Defendant, proceeding *pro se*, reportedly failed to respond to the letter.  Plaintiffs filed their pending motions on April 10, 2024.

On May 10, 2024, a new attorney entered his appearance on behalf of Defendant.  That same day, he filed an opposition to Plaintiffs' pending motions, explaining that he had transmitted signed copies of Interrogatories and Requests for Admissions to Plaintiffs' counsel.  Counsel also noted that Plaintiffs' pending motions assert substantive deficiencies but seek no specific relief relative to those allegations.

Plaintiffs' reply memorandum contends that the Interrogatory responses, though now signed, remain unverified.  ECF No. 128.  Defendant's counsel responded, admitted that the lack of verification was an oversight, and moved for leave to file an exhibit showing that the error was corrected.  ECF No. 129.  Defendant's counsel also moved for leave to file a sur-reply memorandum, noting that Plaintiffs raised specific arguments about substantive deficiencies for the first time in their reply memorandum.  ECF No. 130.

## Discussion

Federal Rule of Civil Procedure 26(g)(1) states that "every discovery request, response or objection must be signed by at least one attorney of record in the matter in the attorney's own name – or by the party personally, if unrepresented."  Under

3

Rule 36, a response to a request for admission must be "addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Concerning interrogatory responses, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5).

Rule 26(g)(2) states that with respect to any unsigned disclosure, request, response, or objection, "the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Fed. R. Civ. P. 26(g)(2). "The plain language of Rule 26(g) does not specify when discovery responses are considered 'prompt' or otherwise." *Kempton v. Mar. Sys., Inc.*, No. CIV.A. 12-1383, 2013 WL 3070890, at *4 (E.D. La. June 17, 2013).

If the Court considers only the actions of Defendant's most recent counsel, his efforts to rectify the lack of signatures and/or sworn certifications have been prompt. Prior to current counsel's entry into the case, Defendant was proceeding *pro se*. Although she likely received a letter from opposing counsel outlining deficiencies, her alleged difficulty understanding the legal process may have impaired her ability to respond.

Defendant's prior counsel submitted an affidavit (ECF No. 126-1) detailing the events leading up to his withdrawal from the case. He attests that he drafted his client's responses to

4

Plaintiffs' Interrogatories and Requests for Admissions and transmitted them to Plaintiffs' counsel on July 6, 2023. With respect to the Requests for Admissions, he did not realize that his staff had set up the signature block such that he was signing for objections only. With respect to Interrogatory responses, he verified their accuracy with his client but, in an effort to comply with the response deadline, sent them without her signature. He intended to obtain her signature prior to withdrawing from the case, but "did not consider it a priority item given the other required tasks in this case." ECF No. 126-1 at 2. He further explains that "[i]t did not occur to me to obtain Ms. Conn's signature at the hearing on the motion to withdraw to close that loop, and Plaintiffs did not bring it up. I would have thought it would be a relatively simple task for Ms. Conn to sign the responses once the matter was brought to her attention." *Id.*

The Court agrees that this matter could have been easily dealt with at the April 1, 2024 hearing on the motion to withdraw. Instead, Plaintiffs' counsel referenced a "discovery issue," ECF No. 126-4 at 2 (hearing transcript), then filed the pending motions – with requests for significant sanctions - nine days later.

The Court also notes that Plaintiffs have identified no specific prejudice aside from claiming that, without proper

5

signatures, they could not take a meaningful deposition of Defendant. Plaintiffs received the required responses approximately 11 months ago, and now ask the Court to strike certain matters, deem others admitted, and impose sanctions due to a lack of signatures or sworn certifications. Those alleged shortcomings have been remedied, with no changes to the substance of the responses. The Court therefore finds insufficient prejudice to warrant the requested sanctions. *See, e.g., Waltner v. Aurora Loan Servs., L.L.C.*, 551 F. App'x 741, 747 (5th Cir. 2013) (affirming denial of motion to strike where discovery responses were unsigned/unsworn but not prejudicial).

To the extent Plaintiffs seek relief for substantive issues, those arguments were raised in detail for the first time in their reply memorandum and will not be considered by the Court at this time. *See Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court."). Defendant's motions for leave to file a sur-reply and for leave to file an exhibit are granted.

## Conclusion

For the reasons set forth above, Plaintiffs' pending motions (ECF No. 118) are denied, and Defendant's motions (ECF Nos. 129, 130) are granted.

DATED at Burlington, in the District of Vermont, this 31st day of May, 2024.

                                        <u>/s/ William K. Sessions III</u>
                                        Hon. William K. Sessions III
                                        U.S. District Court Judge