```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Johnny Ha, Jenny Pham         )
a/k/a Jenny Ha, and Helen     )
Le,                           )
                              )
          Plaintiffs,         )
                              )
     v.                       )    Case No. 2:20-cv-155
                              )
Tina Conn,                    )
                              )
          Defendant.          )
```

**OPINION AND ORDER**

Pending before the Court is Plaintiffs' motion *in limine* to preclude admission of videos of Plaintiff Jenny Pham. Plaintiffs filed their motion after learning that Defendant Tina Conn seeks to introduce at trial twenty-two videos of Ms. Pham saying disparaging things about Ms. Conn. Plaintiffs will be submitting their own videos at trial allegedly showing Ms. Conn defaming Ms. Pham.

While Ms. Conn's counterclaim against Ms. Pham was previously dismissed by the Court, she submits that the Pham videos provide important context and are relevant to damages mitigation. Plaintiffs argue that the videos should be barred because Ms. Conn is essentially seeking to assert an untimely justification defense. Plaintiff further contend that the Pham videos are not relevant to the question of whether Ms. Conn is

liable for defamation, and that under Virginia law the videos cannot be used for damages mitigation.

For the reasons set forth below, the motion *in limine* is denied.

## Background

Plaintiffs, who are residents of Virginia, bring this diversity action claiming that Ms. Conn is liable for defamation, defamation *per se*, and violations of Virginia Civil Code § 8.01-42.1, which is entitled "Civil action for racial, religious, or ethnic harassment, violence or vandalism." The First Amended Complaint alleges that Ms. Conn "posted numerous videos online in which she refers to Plaintiffs Jenny Ha and Helen Le repeatedly in Vietnamese as whores, prostitutes, sluts and bitches." ECF No. 13 at 31, ¶ 207. Ms. Conn and Ms. Ha have reportedly never met.

Plaintiffs' motion seeks to preclude admission of videos in which Ms. Pham says disparaging things about Ms. Conn. In her opposition to the motion, Ms. Conn submits that she seeks to introduce the videos to show that her own statements were made in the context of statements made by Ms. Pham, and that rather than conveying defamatory meaning, the statements were merely insults. *Id.* at 2. Plaintiffs do not object to Ms. Conn arguing to the jury that her statements were insults not capable of being proven true or false. ECF No. 137 at 7.

**Discussion**

**I. Context**

The Court agrees with Ms. Conn that the videos in question are likely to provide useful context for the jury. Plaintiffs contend that Ms. Conn never before argued that Ms. Pham "started it." Nonetheless, if Ms. Conn has evidence of prior videos, such evidence will provide the jury with a more complete picture of the pertinent events. Without such context, the jury would be left to wonder what prompted Ms. Conn to say the things she allegedly said about Plaintiffs. *See, e.g., Bourland v. Eidson*, 49 Va. 27, 34-35 (1851) ("[I]t is often important that the jury should have some information of the transaction to which the words refer, in order to understand correctly their true import and meaning, and the design with which they were spoken.").

Plaintiffs argue that Ms. Pham's statements have no relevance to the fundamental issue in the case: whether Ms. Conn is liable for her own statements. They also propose that Ms. Conn may be seeking to assert a justification defense, which they argue has been waived under Virginia law.[1] Ms. Conn contends that a complete history of the parties' disputes is directly relevant to the defamation question, since it makes

---

[1] Ms. Conn is arguing for mitigation of damages which, as explained by the Virginia Supreme Court, "stops short of a complete justification." *Id.* at 33.

3

clear that rather than trading factual statements about each other, the parties were instead exchanging mere insults. Again, the Court agrees that the jury will benefit from placing Ms. Conn's conduct into context, as such context is relevant when discerning the meaning of her words. *See, e.g., Crawford v. United Steelworkers, AFL-CIO*, 230 Va. 217, 237 (1985) (noting that words were "not actionable under the insulting words statute because, in the context in which they were spoken, they are incapable of defamatory meaning") (Cochran, J. concurring).

In Plaintiffs' most recent filing (ECF No. 143), they note that Ms. Conn's counterclaim alleged Ms. Pham commenced her verbal attacks in 2020, while the Complaint states that Ms. Conn made her statements in 2019. Plaintiffs argue that Ms. Conn is bound by those allegations as a judicial admission, and that she thus cannot present evidence of statements by Ms. Pham prior to 2020. For support, Plaintiffs cite *Moll v. Telesector Res. Grp., Inc.*, 94 F.4th 218 (2d Cir. 2024), which noted that "[o]rdinarily ... a party's assertion of fact in a pleading is a judicial admission by which she normally is bound throughout the course of the proceeding." *Id.* at 250. *Moll* also allowed, however, that "[n]o rational judgment can be based on the proposition that a given fact simultaneously both did and did not exist. The solution here lies in the principles that the court has discretion to 'avoid the consequence of conclusiveness

4

of an admission,' 9 Wigmore, Evidence § 2590 (2023), and that '[p]leadings must be construed so as to do justice,' Fed. R. Civ. P. 8(e)." *Id.* at 251.  Accordingly, if Ms. Conn has competent evidence that conflicts with allegations in her now-dismissed counterclaim, the Court will allow such evidence to be presented to the jury.

## II.  Rule 403 Considerations

Plaintiffs further argue that the videos of Ms. Pham are barred under Federal Rule of Evidence 403.  Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Plaintiffs contend that the videos of Ms. Pham have little probative value.  As explained above, the Court finds that they provide context and will be useful to the jury.  Plaintiffs also argue that the videos will confuse the issues and make it seem that Ms. Pham, and not Ms. Conn, is on trial.  Any risk of confusion can be easily addressed both by the Court and counsel in clarifying for the jury that Ms. Pham is not, in fact, on trial.  Plaintiffs' arguments of undue delay and wasted time are addressed by Defendant's counsel, who informs the Court that the videos, which are in Vietnamese, need not all be viewed by the

jury, that English-language translations will likely be admitted by stipulation, and that it will not take long to read the relevant portions.

### III. Damages Mitigation Evidence

Plaintiffs' final objection to the Pham videos is that they cannot be admitted for the purpose of mitigating damages.  The parties' dispute centers on whether Virginia law requires that damages mitigation in a defamation action be based upon a back-and-forth in the same conversation, as opposed to statements made at different times.  Both parties focus on the Virgina Supreme Court's 1851 decision in *Bourland*, cited above.

*Bourland* (Baldwin, J.) first explained the complex task of awarding damages in a defamation case:

> The elements of redress in the action for defamation are the wrong done to the plaintiff, and the malice or vicious intent of the defendant: these modify each other, and are modified by circumstances, so as to allow much scope for the judgment and discretion of the jury, upon a subject somewhat indefinite in its very nature, the amount of pecuniary compensation which ought to be paid for an injury of such a character.  Whatever, therefore, tends to throw light upon the question ought, within fair and reasonable limits, to be brought in some form or shape, to the consideration of the jury.

49 Va. at 32.  The court then considered the role of the plaintiff's actions and the possibility of mitigation evidence:

> I cannot doubt that where the defamatory words point to a specified act of the plaintiff, and the evidence offered in mitigation of damages neither proves, nor tends to prove, or upon the whole negatives, the truth

6

> of the words, it is admissible where it serves to show improper conduct of the plaintiff in reference to the particular transaction calculated to vex, harass, aggrieve or provoke the defendant.... And if a plaintiff, without moral guilt, but to disport himself with the fears or feelings of the defendant, has misled or provoked him to the use of defamatory words, this should be made known to the jury, otherwise the plaintiff, to a greater or less extent, would recover damages for his own misbehaviour.

*Id.* at 34–35.

Finally, the court concluded that any provocation by the plaintiff must occur, or be referred to, "in the same conversation with the defamation by the defendant." *Id.* at 38. Having imposed that restriction, the court conceded that it "need not consider whether there may not be exceptions to this restriction, there being no foundation for any in the present case." *Id.* The court also contrasted the "same conversation" restriction with "evidence of reciprocal criminations unconnected except by a general spirit of hostility and revenge." *Id.*

Ms. Conn argues that in the modern age of internet posts, the videos back-and-forth between herself and Ms. Pham were the equivalent of a single conversation. Plaintiffs disagree, noting that on-line conversations occur by means of livestreaming, and not in recorded, single-party videos. Regardless of how the communications in this case are characterized, *Bourland* holds that general animosity is

7

insufficient, that there must be a provoking statement and a corresponding response, and that a jury must, "within fair and reasonable limits" be informed of the context of the alleged defamation. *Id.* at 32.

With respect to the single-conversation restriction, "the weight of authority[] appears to be that it must be shown that the defamation upon which suit is brought must have followed the provocation before sufficient time has expired to permit passion to subside." *Buck v. Savage*, 323 S.W.2d 363, 372 (Tex. Civ. App. 1959) (citing 132 A.L.R. 932); *see also Duncan v. Rec. Pub. Co.*, 143 S.E. 31, 38 (S.C. 1927) ("A previous publication by a plaintiff ... provoking the publication of a libel by such defendant, may be considered in mitigation of any damages ... if the publication is so recent as to induce a fair presumption that the defendant published the publication made by him during the continuance of feelings and passions excited by the provocation."). Whether, in this case, there was sufficient passage of time for passions to subside may be a question for the jury.

In any event, the Court will not bar the Pham videos based upon Plaintiffs' strict reading of the *Bourland* decision. *Bourland* left open the possibility of exceptions to the "same conversation" rule while at the same time encouraging the admission of contextual communications, and the weight of

8

authority apparently favors admitting communications that were recent enough to have provoked an impassioned response. In keeping with *Bourland*'s general holding with regard to the importance of context, the Court will allow the Pham videos to be introduced into evidence.

## Conclusion

For the reasons set forth above, Plaintiffs' motion *in limine* to preclude admission of videos of Jenny Pham (ECF No. 133) is denied.

DATED at Burlington, in the District of Vermont, this 11th day of June, 2024.

/s/ William K. Sessions III
Hon. William K. Session III
U.S. District Court Judge